OPINION
In this accelerated calendar case submitted on the record and briefs of the parties. Appellant, Ricky L. Williams, appeals from the decision of the Ashtabula County Court of Common Pleas, Domestic Relations Division overruling his objections to the magistrate's decision. Although appellant filed his objections to the magistrate's decision, no transcript accompanied these objections. Prior to this filing, the magistrate's decision was adopted and approved by the trial court and incorporated into a final decree of divorce granted to appellee, Ruth L. Williams. The following facts are relevant to a disposition of this appeal.
The parties were married on June 19, 1976. Appellee filed a complaint for divorce on April 27, 1998. Appellant was personally served notice of the action on May 1, 1998. Within the said notice, appellant was informed that he had twenty-eight days to file an answer to the complaint, and if he failed to appear and defend, then judgment by default would be rendered against him for the relief demanded. Appellant never filed an answer to the complaint.
At the time the action was filed, the parties sixteen year-old daughter resided with appellant in the marital residence. In her divorce complaint, appellee sought to be designated the residential parent, and, simultaneously with her complaint, filed a motion for temporary custody. A hearing on the motion for temporary custody was set for May 14, 1998. At appellee's request, the hearing was continued to June 18, 1998.
Appellant appeared pro se at the June 18, 1998 hearing, but it was continued to August 14, 1998, to allow appellant time to obtain counsel. At some point in June, the daughter, in accordance with her own wishes, moved out of appellant's house and began residing with appellee. After this occurred, appellant claims he decided not to contest the custody issue. Appellant did not hire counsel, and he did not attend the August 14, 1998 temporary custody hearing. After this hearing, the court awarded temporary custody to appellee.
On September 8, 1998, the court mailed appellant a notice of the final hearing. Aside from the normal caption, the notice consisted of the following:
"Case No. 98-DR-00237
RUTH L WILLIAMS
vs
RICKY L WILLIAMS
 will be on for UNCONTESTED FINAL HEARING on Thursday, October 29, 1998, at 03:00 PM before Judge GARY L. YOST."
This hearing was conducted by a magistrate. Again, appellant failed to attend.
On November 6, 1998, the magistrate filed a decision finding that there were no marital assets or debts other than the marital residence and items of personal property. Appellee's proposal for the division of real and personal property was determined to be fair and just. Consequently, the magistrate awarded the items of personal property according to appellee's request. With regard to the marital residence, the magistrate ordered that it either be sold with the equity to be split, or be refinanced by appellant with appellee being paid her share of the equity.
The magistrate further found appellant had voluntarily terminated his employment with M.C. Sign Company, and that his present employment was unknown. Also finding that he was not disabled, the magistrate imputed income of $9.50 per hour, forty hours per week, fifty-two weeks a year to appellant for purposes of calculating his child support obligation. The magistrate imputed wages at $5.15 per hour to appellee. Appellant was ordered to pay child support according to the statutory schedule based on the imputed incomes.
Pursuant to appellee's request, the magistrate found that health insurance was not reasonably available to either party. It was determined that appellant should pay 65 percent of all medical expenses (after the first $100), and appellee should pay the remaining 35 percent. These percentages roughly corresponded to the imputed incomes.
Finally, the magistrate awarded the tax exemption deduction for the child to appellant in even numbered years and to appellee in odd numbered years.
On November 17, 1998, the trial court incorporated the findings and decision of the magistrate into a judgment entry granting appellee a final decree of divorce. Thereafter, appellant timely filed his objections to the magistrate's decision, raising all of the issues currently being appealed. Appellant objected to the magistrate's decision on grounds that the notice of the hearing sent to him was insufficient.
However, with respect to four of the five issues raised on appeal, appellant objected to the magistrate's findings of fact, or lack thereof. Civ.R. 53(E)(3)(b) requires that objections to findings of fact be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is unavailable.[1] Appellant submitted an affidavit in conjunction with his objections. This affidavit explained appellant's misunderstanding of the notice for the hearing, and why he did not attend, which necessarily would not have been part of the record before the magistrate.
However, with respect to the factual issues raised, appellant did not submit an affidavit of the evidence before the magistrate. Rather, appellant submitted an affidavit of testimony which he would have offered had he attended the hearing. As to the notice issue, appellant claimed he did not know that the words "uncontested final hearing" indicated it was to be a final hearing on all the issues of the case.
In a judgment entry filed on January 11, 1999, the trial court overruled all of appellant's objections to the magistrate's decision and approved and reaffirmed its prior judgment entry of November 17, 1998. The court found appellant had been personally served with notice of the complaint on May 1, 1998, and that he never filed an answer as required by the Ohio Rules of Civil Procedure. Although appellant claimed, and appellee did not disagree, he appeared pro se at the June 18, 1998 hearing, the court stated that he never made an appearance in the case. The court indicated that the notice sent to appellant stated "uncontested final hearing" because of appellant's complete default of appearance in the case.[2]
Noting that appellant had been served a summons and notice of the final hearing, and that the case had been pending for six months, the court concluded appellant simply chose not to appear and defend. The court determined that the magistrate had all the pertinent facts and circumstances before her at the time of the decision. Further, the magistrate's decision was fair, reasonable, and supported by the evidence. There was no error of law or other defect on the face of the magistrate's decision. From this judgment, appellant timely filed a notice of appeal, assigning the following errors:
 "[1]. The trial court erred to the prejudice of defendant-appellant by overruling the objection of the defendant-appellant to, and by approving and adopting, the order of the magistrate's decision filed on November 6, 1998, that divided the real estate and personal property of the defendant-appellant and plaintiff-appellee.
 "[2]. The trial court erred to the prejudice of defendant-appellant by overruling the objection of the defendant-appellant to, and by approving and adopting, the order of the magistrate's decision filed on November 6, 1998, that imputed income of $19,760 to the defendant-appellant in the calculation of the child support obligation of the defendant-appellant.
 "[3]. The trial court erred to the prejudice of defendant-appellant by overruling the objection of the defendant-appellant to, and by approving and adopting, the order of the magistrate's decision filed on November 6, 1998, that allocated responsibility for payment of the health care expenses for the minor child between the defendant-appellant and the plaintiff-appellee.
 "[4]. The trial court erred to the prejudice of defendant-appellant by overruling the objection of the defendant-appellant to, and by approving and adopting, the order of the magistrate's decision filed on November 6, 1998, that allocated the income tax exemption deduction for the minor child to the defendant-appellant in even-numbered years and to the plaintiff-appellee in odd-numbered years.
 "[5]. The trial court erred to the prejudice of defendant-appellant by overruling the objection of the defendant-appellant to the misleading and insufficient notice of the trial before the magistrate on October 29, 1998, that was sent to the defendant-appellant, and by approving and adopting, the magistrate's decision filed on November 6, 1998."
 In appellant's fifth assignment of error, he claims that the notice of the final hearing was misleading and insufficient. According to appellant, it did not meet the requirements of Civ.R. 75(L) and violated his right to due process. As a remedy, appellant requests this case be remanded for a full trial on the merits. Were this remedy granted, it would obviate the need to address the other assignments of error. Thus, we will address the fifth assignment of error first.
Appellant claims that he did not attend the final hearing because, based on the notice he received, he did not believe it was the final hearing on all the issues of the divorce. Rather, he thought it was a final hearing solely related to the issue of custody, which he did not want to contest.
Appellant raised the issue of the insufficiency of the notice within his objections to the magistrate's decision under Civ.R. 53. Appellee argues that rather than raising the issue of insufficient notice in appellant's Civ.R. 53 objections, the proper action for appellant to have taken after his objections were overruled would have been to file a Civ.R. 60(B) motion for relief from judgment. However, such a motion would have duplicated the objection just raised to the court. Further, Civ.R. 53(E)(4)(b) specifically provides appropriate and similar remedies to Civ.R. 60 in that the trial court may itself hear additional evidence, recommit the matter to the magistrate with instructions, or hear the entire matter itself. In any case, where judgment has been entered pursuant to Civ.R. 58, subsequent to an ex parte trial, the aggrieved party may decline to attempt to vacate the judgment and proceed directly to an appeal. See, generally, Ohio Valley Radiology Assoc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118.
As previously indicated, although the final hearing may be uncontested, it is still a trial on the merits and evidence must be put on the record. Per Civ.R. 75(F), there can not be a default judgment in a divorce proceeding. Further, Civ.R. 75(L) requires that "[i]n all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. * * *."
Civil due process requires notice and an opportunity to be heard. Goldberg v. Kelly (1970), 397 U.S. 254. "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank Trust Co. (1950), 399 U.S. 306[339 U.S. 306], 314.
The first notice of the action received by appellant was the notice of the filing of the complaint, which was sent to him on April 29, 1998. This notice informed him that if he failed to appear or defend himself in this matter, then judgment by default would be rendered against him for the relief demanded in the complaint. Appellant did not file an answer to the complaint as required by the Ohio Rules of Civil Procedure. Appellant apparently appeared at the June 18, 1998 hearing to contest the motion for temporary custody. The matter was continued in order to allow him to obtain counsel. Nevertheless, he did not appear at the subsequent hearing on the motion for temporary custody. Nor, did he obtain counsel. There was no further contact with the court at any point subsequent to June 18, 1998 until appellant filed his objections to the magistrate's decision.
On September 8, 1998, the court mailed the notice which stated an "uncontested final hearing" was set for October 29, 1998. At that point, appellant still had not retained counsel.
"Pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 209, 210; see, also, Allen v.Allen, 1998 Ohio App. LEXIS 2922, (June 26, 1998), Trumbull App. No. 97-T-0114, unreported, at 6, 1998 Ohio App. LEXIS 2922.
It is apparent that numerous opportunities were accorded appellant yet he chose to sit on his rights. Now, with an unhappy outcome, he seeks to be heard. Nothing in the record indicates that, upon receiving the notice of the final hearing, appellant made any effort whatsoever to confirm his claimed interpretation of the notice. It is our determination that the notice was unambiguous and sufficient to apprise him of the pendency of the final hearing and to afford him yet another opportunity to respond. He did not. Appellant's fifth assignment of error is without merit.
Within each of appellant's first three assignments of error, he assigns as error the trial court's denial of his objections to the magistrate's findings of fact. Appellant's earlier objections, however, are not in compliance with Civ.R. 53. Specifically, Civ.R. 53(E)(3)(b) provides in pertinent part:
 "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 It is unknown whether a transcript was available at that time. However, even if it were unavailable, appellant's affidavit did not comply with Civ.R. 53(E). Instead, the affidavit was a proffer of what appellant's contrary testimony would have been. This does not meet the requirement of Civ.R. 53(E)(4)(b).
"In accordance with Civ.R. 53, this court has repeatedly held that a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court." Ohlinv. Ohlin (Nov. 12, 1999), Portage App. No. 98-PA-87, unreported, at 10, 1999 Ohio App. LEXIS 5332.
Failure to provide an acceptable record to the trial court permits the trial court to ignore any objections to factual matters that may have been challenged. Witt v. J J HomeCenters, Inc. (Apr. 26, 1996), Geauga App. No. 95-G-1939, unreported, at 4-5, 1996 Ohio App. LEXIS 1703. "In the absence of a statement of the evidence presented, a trial court can only review the sufficiency of the report itself; i.e., the court can only determine if the report sets forth sufficient facts to support the referee's ultimate findings and conclusions of law. InRe Rhoads (Feb. 4, 1994), Geauga App. No. 93-G-1763, unreported, at 7, 1994 Ohio App. LEXIS 363 citing In re Bruce (June 30, 1993), Portage App. No. 92-P-0060, unreported, at 4, 1993 Ohio App. LEXIS 3327.
Thus, when the trial court in the instant case stated there was no error of law or other defect on the face of the magistrate's decision, it was applying the proper scope of review. Having failed to raise these issues properly at the trial court level, appellant is now precluded from arguing on appeal the factual determinations made by the trial court.
In appellant's fourth assignment of error, he apparently contends the trial court erred by failing to make the findings of fact related to the federal tax exemption deduction for the parties' minor child.[3] Specifically, he claims those taxes would be reduced by allocating the dependency deduction for their minor child to himself. Appellant seems to argue that the court must do an evaluation of the financial consequences of the assignment of the deduction to each party in all cases. In support of his argument, appellant cites Singer v. Dickinson
(1992), 63 Ohio St.3d 408. The second paragraph of the Singer
syllabus permits a court to award the deduction to a noncustodial parent when that allocation would produce a net tax savings for the parents. The third paragraph of the Singer syllabus states as follows:
 "In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates."
 Singer only requires this analysis in the event the court awards the deduction to the noncustodial parent, which is appellant in this case. The deduction presumptively belongs to appellee, the custodial parent. Id. at 411. The argument appellant advances actually inures to the benefit of appellee in that the presumption is in favor of appellee, the custodial parent. However, in this case, the alternating award of the deduction to the parties was made at the suggestion of appellee; in effect, she made a voluntary and generous concession to appellant. Further, Singer does not put the burden on the court to provide the information needed for such an analysis. The burden is on the party seeking the change in the presumption. Appellant chose not to participate or to provide that information. Appellant's fourth assignment of error is without merit.
The judgment of the trial court is affirmed.
[1] Apparently there had been an audio recording made, but appellant did not inquire about it until he appealed to this court. Thus, we do not know if it was available at that time.
[2] No one seriously argues that a "default" judgment under Civ.R. 55 was granted here in contravention of Civ.R. 75(F). Rather, the term "default" judgment is misused, as it frequently is, to indicate an ex parte trial and judgment.
[3] His argument is not totally clear as to who the recipient of the deduction should be. Presumably he wanted the entire deduction himself.