MEYERS ET AL., APPELLANTS, *v.* FIRST NATL. BANK OF CINCINNATI ET AL., APPELLEES.

(No. C-800425—Decided June 10, 1981.)

*Mr. Carl L. Meyers* and *Mr. Elmer L. Meyers,* for appellants.

*Messrs. Taft, Stettinius & Hollister* and *Mr. Michael J. Zavatsky,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Municipal Court of Hamilton County.

The facts in this case are not in dispute. Appellant Carl L. Meyers endorsed a check in blank and took it to the drive-in-window of the University Plaza branch of the Fifth-Third Bank at approximately 4:20 p.m. on March 13, 1979. When appellant Carl Meyers opened his automobile window to present the check to the Fifth-Third teller, a gust of wind blew it into the parking lot where he was unable to find it. At 5:00 p.m. the same day appellants informed appellee drawee bank, the First National Bank of Cincinnati, to issue a stop payment order on the lost check. Prior to the 5:00 p.m. notice to stop payment, an unknown finder of the check presented and cashed it at one of appellee's branch banks. Appellants filed suit below *pro se,* alleging that appellee bank failed to pay the check's endorser and that it negligently failed to require identification from the presenter of the check. Appellees moved to dismiss the complaint. Appellants filed no memorandum in opposition, and after consideration of appellees' memorandum in support the trial court granted the motion to dismiss. Appellants filed a motion to set aside the dismissal and offered the following reasons explaining their failure to file a memorandum in opposition: they were busy at the time as accountants and tax practitioners, to answer hurriedly could weaken their cause of action, and they misunderstood the court rules. Appellants further stated that they were financially unable to retain counsel, and that the granting of the dismissal was a violation of their Fourteenth Amendment due process rights under the United States Constitution. It is the trial court's denial of the motion to set aside the dismissal from which appellants appeal. Appellants' single assignment of error is stated as follows:

"The trial court erred in overruling Appellants' Motion to set dismissal aside. Appellants, compelled to act as their own attorney, were not given special consideration as required. Trial court failed to allow the Appellants a hearing, instead, acted arbitrarily without any foresight and used unreasonable exercise of discretion with disregard to the Appellants' rights under the Fourteenth Amendment of the United States Constitution and Article One, Sections two and sixteen of the Constitution of the State of Ohio of 1851. Abuse of Discretion by the trial court."

Hamilton County Municipal Court Rule V (4), regarding all motions, states in pertinent part:

"* * * Failure to serve and file a

memorandum contra may be cause for the Court to grant the motion as served and filed. * * *"

Hamilton County Municipal Court Rule V (6) states in pertinent part:

"* * *[M]otions in civil cases will not be set for oral argument before the judge or referee to whom the motion is assigned unless so set by the Court on its own motion. When oral argument has not been set by the court on its own motion, the motion is automatically submitted for decision following the expiration of the time periods set forth * * *."

The above rules are properly promulgated pursuant to Section 5, Article IV, of the Ohio Constitution. See *Vorisek* v. *North Randall* (1980), 64 Ohio St. 2d 62 [18 O.O.3d 296]. The *Vorisek* case, *supra,* wherein the Ohio Supreme Court considered Local Rule 22 of the Eighth Appellate District, is applicable to the case *sub judice*. The court, at page 63, stated that a rule similar to the one under consideration here was both a valid exercise of the court's rule-making power and an innovative attempt to expedite the flow of cases. The court, at page 64, further stated that "* * * [t]he lower courts in this state should be encouraged to exercise administrative discretion in deciding how, in light of internal organizational caseload considerations, they may best proceed to expedite the orderly flow of their dockets."

Appellants' argument that as *pro se* civil litigants they should receive special consideration and not be bound by the same rules as civil litigants represented by counsel is against the weight of Ohio as well as national authority. *Pro se* civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. See *Dawson* v. *Pauline Homes, Inc.* (1958), 107 Ohio App. 90 [7 O.O.2d 413]. Appellants' argument that prisoners in *pro se habeas corpus* proceedings do not have

to meet the same procedural standards as those with counsel is inapplicable to the case *sub judice*. We find no abuse of discretion by the trial court.

Civil due process requires only notice and an opportunity to be heard. *Goldberg* v. *Kelly* (1970), 397 U.S. 254. Unquestionably, appellants were given notice and the opportunity to be heard under the rules and simply failed to follow the procedure to avail themselves of such opportunity. They cannot establish a denial of Fourteenth Amendment rights of due process.

Appellants' assignment of error alleges an equal protection violation under Sections 2 and 16, Article I, of the Ohio Constitution. On appeal they have failed to argue an equal protection violation either orally or by brief, and we, therefore, make no finding regarding such allegation.

The appellants' assignment of error is overruled, and the trial court's judgment is affirmed.

*Judgment affirmed.*

BLACK, P.J., KEEFE and DOAN, JJ., concur.