DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Jones Concrete, Inc. has appealed from a judgment of the Medina Municipal Court in favor of Defendant Russell Thomas. This Court affirms.
 I.
On October 7, 1998, Plaintiff Jones Concrete, Inc. filed a small claims complaint in the Medina Municipal Court alleging that Defendant Russell Thomas was delinquent on an account in the amount of $1,815, plus interest. On December 1, 1998, the magistrate held an evidentiary hearing where Lester Jones, president of Jones Concrete, Inc., Douglas Leohr, a builder, and Mr. Thomas each testified. Neither party retained legal counsel to represent them. That same day, the magistrate filed his decision finding Plaintiff failed to prove by a preponderance of the evidence the allegations set forth in its complaint.
On December 11, 1998, Mr. Jones filed a hand-written request for an extension of time to prepare a transcript and file proper objections to the magistrate's findings. Upon this request, the court ordered the magistrate to make a complete report including findings of fact and conclusions of law. It also ruled that each party had 14 days thereafter to file any objections.
On December 21, 1998, however, the court rescinded that order noting that the December 11, 1998 request filed by Mr. Jones was improper. It found that Mr. Jones was a corporate officer of Jones Concrete, Inc., a corporate plaintiff. The court reasoned that while a corporation can appear by and through an officer to present testimony before the magistrate, it is prohibited from appearing through an officer to file objections.
On January 8, 1999, Plaintiff, by and through appropriate counsel, moved the court for another continuance. The motion was granted, and Plaintiff filed its objections to the magistrate's order. Again, on January 13, 1999, the trial court referred the matter to the magistrate for a full report.
The magistrate's findings of fact and conclusions of law were filed on January 19, 1999, and adopted by the trial court on February 10, 1999. Plaintiff has appealed asserting one assignment of error.
 II.
For its sole assignment of error Plaintiff has asserted that, although the trial court was correct when it restricted Mr. Jones to merely presenting Plaintiff's claim, Plaintiff and Mr. Jones were never informed of any limitations imposed on corporations by R.C. 1925.17.[1] Such failure, Plaintiff has suggested, denied it due process and fair access to the court.
This Court can uncover no precedent in the law, nor has any been presented, to us, holding that a party's due process rights in civil litigation are violated when the presiding judge fails to notify a litigant that it may seek counsel,[2] or when it fails to offer legal advice to the parties. The state of Ohio has provided a forum, i.e. the judicial system, in which litigants can resolve disputes, and where they are free to seek representation by attorneys trained in procedure and the law. Roth v. Roth
(1989), 65 Ohio App.3d 768, 776. It is the individual litigant, however, who selects and retains that attorney. Id. If a civil litigant chooses not to retain counsel, that party may not then turn around and claim the court denied him or her due process because it did not detail the intricacies of the Revised Code. Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law.
This Court continues to hold that pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. Copeland v. Rosario (Jan. 28, 1998), Summit App. No. 18452, unreported, at 6. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363 (holding that pro se litigants are, "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants"); Meyers v. FirstNatl. Bank (1981), 3 Ohio App.3d 209, 210.
In the instant matter, Plaintiff has essentially argued that as a pro se civil litigant, it should have received special consideration and should not be bound by the same rules as civil litigants represented by counsel. Plaintiff has averred that because it was unaware of its officer's inability to cross-examine and argue on behalf of the company, the magistrate had a constitutional duty to so inform it. Nevertheless, Plaintiff is bound by the same rules and procedures as litigants who retain counsel. It is presumed to have knowledge of the correct law and procedure. Plaintiff must accept the results of its failure to retain counsel prior to the magistrate's hearing. The magistrate was under no duty whatsoever to instruct Mr. Jones, as an officer of Plaintiff, that he was not entitled to cross-examine witnesses, nor was the magistrate under a duty to suggest Plaintiff seek legal assistance. Therefore, this Court concludes that Plaintiff was not denied due process and fair access to the court. Plaintiff's assignment of error is overruled.
 III.
Plaintiff's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT
BAIRD, P.J. and BATCHELDER, J. CONCUR
[1] R.C. 1925.17 provides:
 A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy.
[2] In a civil case between individual parties, no constitutional right to representation exists. Roth v. Roth
(1989), 65 Ohio App.3d 768, 776.