JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Larry J. Frazier appeals from a jury verdict and judgment awarding him $90,000 for personal injuries sustained in an automobile collision caused by the defendant-appellee, Beth Bolce Owen. At trial, liability was not an issue as Ms. Owen stipulated her negligence. Mr. Frazier's four assignments of error essentially challenge the adequacy of the jury's $3,000 award for five years' past pain and suffering, in light of the jury's finding that he would also incur future medical expenses, lost wages, and pain and suffering. He is further dissatisfied with the jury's award for future medical expenses, lost wages and pain and suffering.
Because Mr. Frazier, acting pro se, has certified to this court only a partial transcript of the trial, composed of the opening and closing arguments of counsel and the jury charge, we are precluded from reviewing the merits of his claim. At oral argument he informed this court that any procedural omissions are due to his disadvantage in not being a lawyer. The Rules of Appellate Procedure, however, impose a duty on all appellants to provide the entire record required for our review prior to submission of the case. See App.R. 9(B) and 10(A). When portions of the record necessary to resolve the assigned errors are omitted, this court has no choice but to presume the validity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384, 385; State ex rel. Montgomery v. R DChem. Co. (1995), 72 Ohio St.3d 202, 203-204, 648 N.E.2d 821, 822. When we do not have an adequate record for review, this court cannot extend advantages to a party acting pro se simply because he is not a lawyer. See Meyers v. First Nat. Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412, 413.
Mr. Frazier also perceives that his attorney prejudiced his case in closing argument when he cautioned the jury, "You told me you wouldn't base [your decision] on whether or not Mr. Frazier was Black and Ms. Owens is White or Ms. Owens was black and Mr. Frazier was White. * * * You told me you would treat him like you would any other person." Appellant's Brief at 5. As this statement is a tactic often used by counsel to remind a jury that a party's race has no place in the trial of a personal-injury action, the statement by Mr. Frazier's counsel was not prejudicialper se. Without a transcript of the testimony, we cannot begin to determine, in context, the effect that Mr. Frazier contends it had on the jury.
Likewise, the alleged errors concerning the trial court's admission or exclusion of certain evidence are not demonstrated as an evidentiary transcript has not been filed. Accordingly, on review this court can only presume the correctness of the trial court's rulings. See Knapp v. Edwards Laboratories.
The assignments of error are overruled. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ____________ Gorman, P.J.
Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.