DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from an October 26, 2000 Opinion and Journal Entry of the Lucas County Court of Common Pleas in which the trial court granted a motion filed by appellee, the Toledo Police Department, to dismiss a complaint for replevin filed pro se by appellant, David L. Taylor. Appellant has filed two assignments of error to challenge the trial court's ruling. The assignments of error are:
"ASSIGNMENT OF ERROR 1.
 "THE TRIAL COURT BELOW ERRED AND ABUSED ITS DISCRETION WHERE THE COURT FAILED TO CONVERT APPELLANT'S ACTION IN REPLEVIN TO ONE PERMITTED UNDER OHIO REVISED CODE § 2925.42(F)(3)(a) IN LIEU OF THE RECORD DEMONSTRATING THAT APPELLANT WAS PUT ON PROPER NOTICE THAT HIS PROPRTY [SIC] WAS SUBJECT TO BEING FORFEITED.
"ASSIGNMENT OF ERROR 2.
 "THE SUMMARY DISMISSAL AND JUDGMENT OF OCTOBER 26, 2000 ORDER OF THE COURT BLOW [SIC] DEPRIVED APPELLANT OF HIS ABSOLUTE RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT, U.S. CONSTITUTION AS WELL AS ARTICLEI [SIC], § 16, OHIO CONSTITUTION."
The record shows that appellant filed his complaint for replevin, pursuant to R.C. 2737.03, on September 18, 2000. In his complaint, he alleged that he was arrested by officers from the Toledo Police Department on November 11, 1997. He also alleged that at that time appellee confiscated three automobiles he owned: a 1989 Nissan Maxima; a 1990 Cadillac and a 1995 Cadillac. He alleged that appellee had no valid legal basis to seize or to keep his vehicles. He asked the court to order the return of the vehicles or to order appellee to pay appellant the full cash value of the vehicles.
On October 18, 2000, appellee filed a motion to dismiss appellant's complaint for replevin. Appellee alleged that the vehicles appellant sought returned were already the subject of a forfeiture case previously filed by appellee in the Lucas County Court of Common Pleas. Appellee attached copies of the complaint from the forfeiture case as an exhibit to the motion to dismiss. Appellee cited to R.C. 2925.43(B)(3) for the proposition that a common pleas court may not consider a complaint for replevin of property when a forfeiture case is already pending regarding that same property.
On October 26, 2000, the trial court filed an Opinion and Journal Entry in which it granted appellee's motion to dismiss. The trial court found that because a forfeiture action was already pending in regard to the same three automobiles appellant sought returned in his action for replevin, R.C. 2925.43(B)(3) applied to bar the action for replevin. Appellant then filed his notice of appeal on November 29, 2000. Because both of appellant's assignments of error challenge the trial court's ruling that his complaint for replevin was dismissed, we will consider them together.
Appellant contends that the trial court should have given him greater latitude because he was a pro se litigant and should have broadly construed his complaint in order to find that he had a valid cause of action. He also argues that the trial court erred when it granted "summary judgment" to appellee. He says that appellee should have been required to show that appellant received proper notice of the forfeiture case, and that he was afforded his due process rights in the forfeiture case before it could be used as a bar to his complaint for replevin.
First, we note that Ohio courts have long held that pro se litigants are held to the same rules and procedures as litigants who hire a licensed attorney to represent them, and that pro se litigants bear the responsibility for mistakes they make in their own representation. Myersv. First Nat'l. Bank (1981) 3 Ohio App.3d 209, 210. Second, we note that R.C. 2925.43(B)(3) specifically provides:
 "Any property taken or detained pursuant to this section is not subject to replevin and is deemed to be in the custody of the head of the law enforcement agency that seized the property."
Appellant does not deny that his automobiles were the subject of a forfeiture case. Instead, he argues that appellee had the obligation to first show that he received proper notice of the forfeiture case and that he was given due process in the forfeiture case before the provisions of R.C. 2925.43(B)(3) can be applied to bar his complaint for replevin of the automobiles.
Appellant's arguments are unpersuasive. In this case, appellee showed that the action for forfeiture was filed before appellant filed his complaint for replevin. The provisions of R.C. 2925.43(B)(3) clearly apply to bar an action for replevin when an action for forfeiture of the same property is previously filed. Therefore, the trial court did not err when it granted the motion to dismiss appellant's complaint for replevin.
If appellant did not receive proper notice of the forfeiture action or was in some other way deprived of his due process rights in that case, he has the right to bring a timely appeal from any final order in the forfeiture case to challenge the ruling of the trial court. See State exrel. Jackson v. State (Jan. 27, 2000), Cuyahoga App. No. 77261, unreported. Appellant's two assignments of error are not well-taken and are denied.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 _____________________ Peter M. Handwork, J.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. CONCUR.