OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Rodney Lovas, appeals from a final judgment of the Chardon Municipal Court overruling his objections to a magistrate's decision. For the reasons that follow, we affirm the judgment of the trial court.
On November 3, 1999, appellant filed a complaint in the Small Claims Division of the Chardon Municipal Court against appellee, Marilyn Mullett, for $3,000. In response, appellee filed a counterclaim on November 23, 1999, in which she also asked for $3,000. Both claims arose from an automobile accident involving appellee and appellant's son that had occurred on June 27, 1999.
A magistrate conducted a trial on April 12, 2000, at which time both sides presented testimony and entered exhibits into the record. On April 19, 2000, the magistrate issued a decision wherein he found that based on the evidence presented, he was "unable to determine that one party was more at fault than another." Accordingly, the magistrate concluded that neither party was entitled to recover damages from the other.
Appellant, acting pro se, filed objections to the magistrate's decision. Although he challenged several of the factual findings made by the magistrate, appellant did not submit either a transcript of the trial or an affidavit of the evidence as required under Civ.R. 53(E)(3)(b). In an entry dated May 12, 2000, the trial court overruled appellant's objections and adopted the decision of the magistrate in its entirety.
From this judgment, appellant filed a timely notice of appeal with this court. He now raises the following assignments of error for our consideration:
 "[1.] The trial court erred in rendering judgment for the defendant on plaintiff's complaint based [on] the sufficiency of [the] evidence to support claim for damages.
 "[2.] The trial court erred in rendering judgment for the defendant on plaintiff's complaint based [on] the manifest weight of the evidence presented to support claim for damages.
 "[3.] The trial court erred in rendering judgment for the defendant on plaintiff's complaint based [on] irrelevant age issues, referring to the legally licensed driver of the plaintiff's vehicle as a `young, inexperienced kid, driving nine months, that's all.'"
 In his first two assignments of error, appellant challenges several factual findings made by the magistrate. Specifically, appellant claims that the evidence presented at the trial was sufficient to support his claim for damages. Moreover, he maintains that the magistrate's decision was against the manifest weight of the evidence because the testimony showed that the car appellant's son was driving had the right-of-way, and that appellee caused the accident by trying to illegally pass on a one-way street.
Before proceeding to the merits of these arguments, we note that appellant filed timely objections to the magistrate's decision on May 4, 2000. However, he failed to include a transcript of the trial or an affidavit of the evidence with his objections, despite the fact that the proceedings were recorded.
Civ.R. 53(E)(3)(b) provides in pertinent part that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available." In interpreting this particular provision, this court has repeatedly held that a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court. Wantz v. Wantz (Mar. 23, 2001), Geauga App. No. 99-G-2258, unreported, 2001 Ohio App. LEXIS 1386, at 3. Priester v.Priester (Nov. 17, 2000), Lake App. No. 99-L-103, unreported, 2000 Ohio App. LEXIS 5359, at 5-6.
Appellant, nevertheless, now asks this court to undertake an analysis that would require a review of the testimony introduced at the trial. Unfortunately, appellant's failure to provide the trial court with a transcript or suitable affidavit in conjunction with his objections to the magistrate's decision is fatal to review on that basis. In reWright (Feb. 23, 2001), Trumbull App. No. 2000-T-0108, unreported, 2001 Ohio App. LEXIS 685, at 5. As a result, because appellant is precluded from arguing factual determinations on appeal, he has waived any claim that the trial court erred in adopting the magistrate's findings. Hobtv. Hobt (July 21, 2000), Geauga App. No. 99-G-2223, unreported, 2000 Ohio App. LEXIS 3291, at 13.[1]
Accordingly, we are limited to a determination of whether the trial court erred in finding that there was no error of law or other defect on the face of the of the magistrate's decision. Civ.R. 53(E)(4)(a). See, also, Waddle v. Waddle (Mar. 30, 2001), Ashtabula App. No. 2000-A-0016, unreported, 2001 Ohio App. LEXIS 1551, at 10-11. The judgment of the trial court will be overturned only if the court abused its discretion in adopting the magistrate's decision. Id. at 11; Hobt at 13.
Our review of the decision at issue does not reveal such an error. Instead, the magistrate's decision shows that he conducted a comprehensive review of the evidence and issued a well-considered recommendation. Obviously, cases such as the one currently before us essentially turn on the credibility of the witnesses who testify. As the trier of fact, the magistrate was in the best position to hear and observe all of the witnesses, and to measure their credibility. In that capacity, the magistrate had the right to either believe or disbelieve the testimony that was given. Kerr v. Abacus Computer Services (Dec. 29, 2000), Lake App. No. 2000-L-004, unreported, 2001 WL 20774, at 2. However, as a court of review, we are not obligated to, and, in fact, we should actually refrain from, exercising similar discretion.
Given that this court must accept the magistrate's factual findings, we conclude that the trial court did not abuse its discretion or otherwise err in adopting the magistrate's decision. As already discussed, the magistrate found that, based on the evidence, he was "unable to determine that one party was more at fault than another." Certainly, it would have been more artful for the magistrate to explicitly state that each party failed in its burden of proof to establish the negligence of the other party by a preponderance of the evidence. Nevertheless, we determine that the wording used was enough to convey that concept. This factual finding, in turn, sufficiently supports the magistrate's ultimate recommendation that neither party was entitled to recover from the other because each failed to prove that the other party was more at fault. Accordingly, appellant's first and second assignments of error are without merit.
In his third assignment of error, appellant claims that the trial court erred by considering evidence concerning the age and driving experience of the parties involved in the automobile accident. Appellant believes that this evidence was irrelevant to the issue of who caused the accident and should have, therefore, been excluded.
A review of appellant's objections to the magistrate's decision shows that appellant failed to bring this issue to the trial court's attention at a time when the purported error could have been avoided and corrected by the court. It is well-settled in Ohio that issues not initially presented in the trial court may not be raised for the first time on appeal. Nozik v. Kanaga (Dec. 1, 2000), Lake App. No. 99-L-193, unreported, 2000 Ohio App. LEXIS 5615, at 6-7; Estate of Oliver v. Dewey
(Oct. 6, 2000), Lake App. No. 99-L-156, unreported, 2000 Ohio App. LEXIS 4654, at 11-12. Accordingly, because this issue was not raised by appellant in the trial court, we decline to consider it for the first time on appeal. Dewey at 12. Appellant's third assignment of error is not well-taken.
In passing, we would like to note that this is a small claims action where the procedural rules are somewhat relaxed to accommodate those individuals who chose to represent themselves. Despite this, "[p]ro se
civil litigants are bound by the same rules and procedures as those litigants who retain counsel." Meyers v. First Natl. Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210. See, also, Williams v. Williams (Sept. 29, 2000), Ashtabula App. No. 99-A-0008, unreported, 2000 Ohio App. LEXIS 4554, at 12. Therefore, although "[p]arties are given a greater degree of latitude consistent with the purpose behind small claims actions[,]"Karnofel v. Watson (June 23, 2000), Trumbull App. No. 99-T-0052, unreported, 2000 WL 852698, at 2, they are not permitted to ignore established principles of appellate review.
Based on the foregoing analysis, appellant's assignments of error lack merit. The judgment of the trial court is affirmed.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., NADER, J., concur.
[1] Although appellant has subsequently filed a transcript of the trial with this court, we are unable to consider evidence which was not before the trial court at the time it made its decision. Yuricek v. Dye (Dec. 15, 2000), Trumbull App. No. 99-T-0093, unreported, 2000 Ohio App. LEXIS 5931, at 10-11.