OPINION
Plaintiff-appellant, Gloria Marlene Blinsky, appeals from a judgment entered in the Mahoning County Common Pleas Court, Domestic Relations Division, overruling her objections to the magistrate's decision of February 10, 2000 and adopting it as the judgment of the court.
Appellant and defendant-appellee, George David Protain, were married on February 26, 1987. Two children were born as issue of the marriage: George David, Jr. (d.o.b. 3/6/88) and Joseph Frances (d.o.b. 5/4/90). The parties were granted a divorce on June 17, 1994 and appellant was designated the residential parent.
On March 6, 1998, appellant obtained a civil protection order to keep appellee away from her and the children. On December 14, 1999, after appellant requested that the civil protection order be dismissed, appellee was granted visitation rights on a flexible but supervised basis with the visits taking place in appellant's home. A hearing was scheduled to review the progress of the visitations.
At the hearing the magistrate decided that he should hear the wishes and concerns of the children regarding visitation. The magistrate interviewed both children and found that they both had sufficient reasoning ability to convey their wishes and concerns. The magistrate determined that neither child wished to commit to a formal schedule of visitation with appellee at that time but that a transitional period of reacquainting visits to places the children stated they would enjoy going with appellee was acceptable. The magistrate found that it would be in the best interest of the children to have a transition period before resuming regular visitation with appellee. Specifically, the magistrate granted appellee visitation with the children each Sunday from 2:30 p.m. to 5:30 p.m. for a four-week period during which time appellee was to pick the children up and take them to Chuck-E-Cheese, a movie and/or dinner. At the end of this period, appellee could apply to the court for an expansion of visitation.
Appellant filed objections to the magistrate's decision. However, there was no transcript of the proceeding before the magistrate. Along with her objections appellant attached several affidavits of herself and the children in an attempt to support her objections. The trial court held a hearing on the objections, overruled them, and adopted the magistrate's decision in its entry of April 5, 2000 stating that objections to findings of fact must be supported by a transcript of the proceeding. It is from this judgment that appellant appeals pro se.
At the outset, it is noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
Appellant raises one assignment of error that states:
 "JUDGE ERRED [sic.] IN FAILING TO CONSIDER AFFIDAVITS REGARDING OBJECTIONS TO REPORT OF MAGISTRATE [sic.] REGARDING FINDINGS OF FACT PER CIVIL RULE 53, WHEREIN SHE STATES IN 4/5/00 ORDER THAT THE OBJECTIONS MUST BE SUPPORTED BY A TRANSCRIPT OF THE PROCEEDINGS."
Appellant argues that the trial court failed to properly consider the affidavits of herself and the children. Appellant cites to Civ.R. 53(E)(3)(b) which states in part:
 "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
Appellant contends that since no transcript of the hearing before the magistrate was available, she complied with Civ.R. 53(E)(3)(b) by submitting the affidavits of herself and the children. Therefore, she argues, the trial court should have addressed her objections.
In appellant's objections to the magistrate's report, she explicitly objected to specific findings of fact and conclusions of law and to the magistrate's decision that appellee be granted visitation rights. Since she objected to findings of fact, appellant was required to submit to the court either a transcript of the evidence before the magistrate or an affidavit of the evidence. Civ.R. 53(E)(3)(b).
Appellant states that since no transcript was available she submitted several affidavits of herself and the children, George Jr. and Joseph. The affidavits must be of the evidence before the magistrate. Civ.R. 53(E)(3)(b). The affidavits that appellant presented to the court in an attempt to satisfy this requirement do not describe the evidence presented in front of the magistrate.
Appellant submitted the following affidavits:
1. Affidavit of appellant dated February 22, 2000, describing a phone call from appellee in which he related to appellant that he might be terminally ill.
2. Affidavit of George Jr. dated January 28, 2000, describing that he is afraid of his father (appellee) because he is mean and hurts people.
3. Affidavit of Joseph dated January 28, 2000, discussing how he does not want his father (appellee) around him because he argues with appellant and would rather spend time with his girlfriend than with his children.
4. Affidavit of George Jr. dated February 22, 2000, detailing going to a birthday party with appellee instead of going to Chuck-E-Cheese.
5. Affidavit of Joseph dated February 22, 2000, discussing the same birthday party.
6. Affidavit of appellant dated February 22, 2000, describing events that took place during hearings on December 8, 1999 and January 31, 2000.
7. Affidavit of appellant dated February 22, 2000, stating that the magistrate failed to mention the civil restraining order during a hearing and describing her financial situation.
None of these affidavits detail the evidence presented to the magistrate at the hearing on February 9, 2000. The children's affidavits of January 28, 1999 were executed before the hearing even took place. The children's affidavits of February 22, 2000 describe events that took place after the hearing when they went on one of their visits with appellee. Appellant's affidavits describe various incidents including phone calls from appellee discussing his medical problems, shouting matches during prior hearings, and the parties' financial situations. Not one of these affidavits purports to describe what evidence was presented to the magistrate on February 9, 2000.
Accordingly, appellant failed to comply with Civ.R. 53(E)(3)(b). "Prose litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyersv. First Natl. Bank (1981), 3 Ohio App.3d 209, at the syllabus. The Ohio Supreme Court in an analogous situation has stated:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratory (1980), 61 Ohio St.2d 197, 199.
The trial court acted properly in overruling appellant's objections. Without a transcript or an affidavit of the evidence, the court has no way to evaluate the evidence that was before the magistrate.
Appellant's sole assignment of error is without merit and the decision of the trial court is hereby affirmed.
 ____________ DONOFRIO, J.
DeGenaro, J., concurs
Christley, J., concurs