[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, James Edward White, appeals a divorce decree entered in the Hamilton County Court of Common Pleas, Domestic Relations Division. In the decree, the court granted plaintiff-appellee, Deborah Frazier White, a divorce from appellant, divided the parties' property and granted appellee custody of the parties' minor child. Although appellant's brief is somewhat confusing, we conclude that some of the arguments presented in his five assignments of error have merit. We, therefore, reverse the trial court's judgment in part.
In his first, second and third assignments of error, appellant takes issue with various aspects of the property division. The record fails to support most of his contentions. It shows that the court's determination as to what property was marital and what was separate was supported by competent, credible evidence. See Kelly v. Kelly (1996),111 Ohio App.3d 641, 642-643, 676 N.E.2d 1210, 1210-1211; Gergacz v.Gergacz (Apr. 21, 2000), Hamilton App. Nos. C-990502 and C-990526, unreported; Tupler v. Tupler (Jan. 12, 1994), Hamilton App. Nos. C-920852 and C-920887, unreported.
But appellee testified that she was self-employed and ran her own business. Although the court considered the income from that business in determining issues relating to child support and spousal support, it never determined the value of that business and its associated debts and assets. While the trial court has broad discretion to develop some measure of value, it may not omit valuation altogether. If the parties fail to present evidence of an asset's value, the court should instruct the parties to submit evidence on that issue. When a trial court fails to classify all of the parties' assets as marital or separate and then fails to value certain property, an appellate court cannot effectively review the property division. Willis v. Willis (1984), 19 Ohio App.3d 45, 48,482 N.E.2d 1276, 1277; Shuman v. Shuman (Apr. 5, 1995), Summit App. No. 16836, unreported. Accordingly, we reverse the trial court's judgment in part and remand this case for a valuation of appellee's business and for reconsideration of the property division in light of that valuation.
In his fourth assignment of error, appellant contends that the trial court erred in failing to fully hear and consider his motion for shared parenting. While the court could have overruled the motion as untimely, see Harris v. Harris (1995), 105 Ohio App.3d 671, 674, 664 N.E.2d 1304,1305-1306; Hampton-Jones v. Jones (Aug. 9, 2001), Cuyahoga App Nos. 77279 and 77412, unreported, the record does not show that the trial court made any ruling at all on appellant's shared-parenting plan.
R.C. 3109.04(D)(1)(a)(iii) requires the court to enter findings of fact and conclusions of law in ruling on a shared-parenting plan. See Frostv. Frost (1992) 84 Ohio App.3d 699, 709, 618 N.E.2d 198, 204; Cybulskiv. Ramsey (June 29, 2001), Ashtabula App. No. 2000-A-0061, unreported. The record shows that custody issues remained pending at the time appellant filed his motion. Certainly, the court could have determined that shared parenting was not in the child's best interest, given appellant's limitations due to his mental illness. See R.C. 3109.04(D)(1)(a) and 3109.04(G); DeLevie v. DeLevie (1993), 86 Ohio App.3d 531, 539-540,621 N.E.2d 594, 599-600. Nevertheless, expert reports presented into evidence showed that appellant diligently took his medication, that his condition was stable, and that spending time with her father was in the child's best interest. Further, the record does not show that the court gave much consideration to appellant's well-founded concern that appellee continued to leave the parties' child alone with her half-brother, a convicted sex offender.
Under the circumstances, we hold that the trial court erred in failing to rule on and make findings of fact and conclusions of law on appellant's plan for shared parenting. Consequently, we reverse the trial court's judgment in part and remand the case for that purpose.
In his fifth assignment of error, appellant contends that the trial court erred in entering an ex parte divorce decree. The record does not support appellant's contention. It demonstrates that appellant was given adequate notice of the proceedings and an opportunity to be heard. Thus, he was not denied due process. See Cleveland Bd. of Edn. v. Loudermill
(1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 1495; State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported.
Appellant's primary argument under this assignment of error seems to be that some issues were not fully heard, particularly his motion for shared parenting. But since we have already reversed the trial court's judgment and remanded the case for the trial court to rule on the motion for shared parenting and to reconsider the property division, those issues are moot.
Appellant also takes issue with the trial court's decision to overrule his motion for a guardian ad litem to represent him, when it had previously granted the motion. Civ.R. 17(B) provides for the appointment of a guardian ad litem for an incompetent person when that person is not otherwise represented. See Dailey v. Dailey (1983), 11 Ohio App.3d 121,123, 463 N.E.2d 427, 430. Though appellant suffers from a mental illness, he is not so impaired that he is incapable of taking proper care of himself or his family, and, therefore, he is not incompetent. See R.C. 2111.01(D).
We are aware that, due to his financial situation, appellant was unrepresented by counsel below. Further, this court has held that pro se
litigants are bound by the same rules and procedures as those litigants who retain counsel. Courts will not accord them special rights, and they must accept the results of their own mistakes. Meyers v. First Natl. Bankof Cincinnati (1981), 3 Ohio App.3d 209, 210, 444 N.E.2d 412, 413. Nevertheless, the record shows that, despite his mental illness, appellant is intelligent and educated. Though he could not afford counsel, he understood the proceedings and adequately articulated his positions. Consequently, the trial court did not err in failing to appoint a guardian ad litem to represent him. See State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305, unreported; Quill v. Elrich (June 21, 1996), Montgomery App. No. 15608, unreported. We, therefore, overrule appellant's fifth assignment of error.
Accordingly, we affirm the trial court's judgment in part, reverse it in part, and we remand the case for further proceedings consistent with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.