I concur with the majority's judgment in this case. However, I cannot join in the majority's resolution of the merits, but only because of appellant's complete failure to comply with the appellate rules. Instead, I would have dismissed this appeal.
As noted in the majority opinion, this is Appellant's third appeal to this court. The first two he availed himself of appointed counsel. This time he chose not to.
Although pro se litigants are to be given some leeway, they still must comply with the rules to some meaningful degree.
"Although appellant is proceeding pro se, pro se litigants are bound by the same rules and procedures as litigants who retain counsel." RecoEquipment, Inc. v. Jafari, 7th Dist. No. 99-BA-45, 2001-Ohio-3285, citingMeyers v. First National Bank of Cincinnati (1981), 3 Ohio App.3d 209,210, 444 N.E.2d 412.
Appellant's brief in this case has fallen woefully short in this regard.
This Court has previously dismissed appeals for similar failings. Statev. Arrowood, 7th Dist. No. 01 BA 05, 2001-Ohio-3486, (Failure to file a cognizable brief or any assignment of error pursuant to App.R. 16(A) and failure to provide a transcript or an alternative pursuant to App.R. 9);Giannini v. Daley, 7th Dist. No. 01 CA 79, 2001-Ohio-3486, (Failure to provide a transcript or alternative pursuant to App.R. 9); D'Amico v.D'Amico, 7th Dist. No. 00-CA-46, 2001-Ohio- 3438, (Failure to file a transcript or alternative pursuant to App.R. 9 even though attached as an exhibit); Reco, supra, (Failure to comply with App.R. 9 and App.R. 16 (A)(7)).
Accordingly, I would dismiss this appeal.