OPINION
{¶ 1} Monty Smith ("appellant") appeals the July 6, 2001 decision of the Portage County Common Pleas Court. In that decision, the trial court failed to grant appellant's Motion for Verification Journal Entry of Conviction of Amended Indictment. For the following reasons, we affirm the decision of the trial court in this matter.
 {¶ 2} Appellant was originally indicted by the Portage County Grand Jury for attempted murder, a violation of R.C. 2903.02(A), (B), and (E), including a prior aggravated felony specification. On October 12, 1994, pursuant to a written plea agreement, appellant entered a written plea of guilty to felonious assault, a violation of R.C. 2903.11(A)(1). Appellant was subsequently sentenced to an indefinite term of eight to fifteen years in prison.
 {¶ 3} On November 6, 2000, approximately six years after entering his guilty plea, appellant, pro se, moved the trial court to issue an order of "Clarification and Summary Judgment Entry of Conviction of Amended Indictment" pursuant to R.C. 2721.02 and Crim.R. 57(B). Following a December 4, 2000 hearing, the trial court denied appellant's motion in a judgment entry journalized on December 7, 2000. Appellant then filed an untimely appeal with this court on February 22, 2001. This court then dismissed appellant's untimely appeal on May 7, 2001, holding that appellant had failed to seek leave of court to file a delayed appeal.
 {¶ 4} On July 5, 2001, approximately eight weeks after this court dismissed appellant's untimely appeal, appellant filed another motion for "Verification Journal Entry of Conviction of Amended Indictment" with the trial court. On July 6, 2001, the trial court denied appellant's motion finding that: "This Court, on December 7, 2000, previously overruled Defendant's Motion for Verification Journal Entry of Conviction of Amended Indictment and therefore no further action is required on the Defendant's Motion of July 5, 2001." On August 6, 2001, appellant filed a timely notice of appeal. However, in keeping with the tortured procedural history of this case, appellant's appeal was again dismissed by this court for failure to prosecute on November 5, 2001. Following appellant's pro se motion for reconsideration, this court agreed to reinstate the present appeal on January 8, 2002. Appellant now asserts the following assignment of error for our review:
 {¶ 5} "[1.] The trial court abused its discretion in overruling appellant's Motion for Verification Journal Entry of Conviction of Amended Indictment."
 {¶ 6} Before proceeding, it is important to note that the language contained in the trial court's judgment entry indicates that the trial court did not consider the actual merits of appellant's motion in reaching its decision. As a result, this court is not required to address the underlying merits of appellant's motion on appeal. The narrow focus of our review centers upon whether the trial court's refusal to rule upon appellant's current motion was proper.
 {¶ 7} As the trial court's decision suggests the application of res judicata, a substantive comparison of appellant's motions is required.
 {¶ 8} A comparison of the November 6, 2000 and July 5, 2001 motions reveals that the requests for relief and accompanying memorandums in support are verbatim the same. While a slight change in the title of the motion has been made, the overall content has remained the same. Under the doctrine of res judicata, a final judgment of conviction "bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment or conviction or on an appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, 180.
 {¶ 9} The underlying merits of appellant's motion were originally addressed and ruled upon by the trial court on December 7, 2000. Appellant attempted to appeal that decision in February of 2001. As previously mentioned, this court dismissed that appeal as untimely. Furthermore, appellant has made no attempts to cure the deficiencies of that appeal. Appellant's attempt to re-introduce the original issue before the trial court and now this court is barred by the doctrine of res judicata.
 {¶ 10} "Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209, 210. Appellant's attempt to re-submit a previously ruled upon motion to the trial court was improper. Furthermore, without addressing the underlying merits of appellant's motion, this court is compelled to note that appellant's actual concerns lie with the Ohio Adult Parole Authority's consideration of indictments versus amended indictments and convictions. This issue has recently been decided by the Ohio Supreme Court. See Layne v. Ohio Adult Parole Auth.,97 Ohio St.3d 456, 2002-Ohio-6719.
 {¶ 11} Based on the foregoing reasons, we hold that the trial court properly rejected appellant's motion under the doctrine of res judicata. Appellant's sole assignment of error is without merit. The decision of the trial court in this matter is hereby affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.