PREFACE
Pro-se Appellant has filed a series of appeals challenging the award of custody of their daughter to his ex-wife, who has relocated out of state. In Appeal Case Nos. 94 CA 221 and 95 CA 131, this Court affirmed the decision of the trial court. Appellant continued to file motions in the trial court and when adverse rulings occurred, he brought these appeals. However, he also proceeded to file federal litigation naming this Court as a party to that proceeding. Notice of the termination of that lawsuit and Appellant's subsequent attempt to file an appeal to the Sixth Circuit Court of Appeals was not provided to this Court. Upon inquiry by this Court, and discovering that the federal lawsuit had been dismissed, efforts to contact Appellant by certified and regular mail were unsuccessful. Appellant has not left a forwarding address and his transient nature is chronicled in the record of this proceeding. It may reasonably be viewed that Appellant has abandoned these appeals, as he has not contacted this Court to advise that they may now proceed to a final ruling. However, the various appeals will be joined and reviewed to afford Appellant his right to a meaningful review of each judgment that was appealed.
 OPINION
{¶ 1} These various appeals are filed pro-se by Appellant from different orders issued by the Mahoning County Common Pleas Court, Domestic Relations Division, ruling on motions filed by Appellant.
 {¶ 2} A brief history of this case is instructive.
 {¶ 3} Complaint for divorce was filed on July 7, 1993. Appellee filed an answer and counterclaim on August 17, 1993. The pervasive issue through all the proceedings involved visitation and custody of the parties' daughter born on August 22, 1989. Trial to a visiting judge was conducted from November 1, 1994, through November 4, 1994. By this time Appellant had discharged three different attorneys and was proceeding pro-se. Due to his conduct during trial Appellant was adjudged guilty of contempt and sentenced to ten days in the county jail.
 {¶ 4} Evidence was established at trial that Appellant failed to return the parties' daughter to Appellee when promised. Rather, he traveled extensively around the country with her; from January, 1993 through August, 1993, and took her to psychologists in Chicago, Illinois and Cleveland, Ohio. Evidence was also presented at trial that Appellant had previously been convicted of taking indecent liberties with a child.
 {¶ 5} The guardian ad litem submitted a report which found that Appellant "clearly evidenced psychological and/or emotional problems which have, and may continue to negatively impact Karin Malika Jancuk." The guardian also noted that Appellant ignored numerous phone messages and letters attempting to conduct a home interview. The guardian ultimately recommended that allocation of parental rights and responsibilities should be given to Appellee, with a further recommendation that Appellee be permitted to relocate to California.
 {¶ 6} The trial court issued findings and conclusions designating Appellee the residential parent on December 5, 1994, which was adopted as the final judgment of the trial court on May 16, 1995, following a home study in California.
 {¶ 7} Appellant filed an appeal from the December 5, 1994 findings and judgment entry. It was assigned Appeals Case No. 94-CA-221. In an opinion issued on November 24, 1997, this Court affirmed the judgment of the trial court. Issues raised regarding failure of the trial court to extend the time for discovery, to require a later born child to undergo blood testing to determine paternity (acknowledged by another man), dismissal of sixty-one pending motions summarily without a hearing and acceptance of opposing witness testimony were all found to be without merit.
 {¶ 8} Appellant also appealed the May 17, 1995, judgment adopting the December 5, 1994, judgment entry including findings of fact. That case was assigned Appeal No. 95-CA-131.
 {¶ 9} In finding no merit to six separate proposed assignments of error, this Court referred to its earlier decision and stated that Appellant failed to comply with App.R. 16.
 {¶ 10} "Appellant has failed to refer to the place in the record where any error is reflected, has failed to cite authorities, statutes, or parts of the record on which Appellant relies, and has failed to reference the parts of the record involved or to the pages in the transcript where error may be identified. Although Appellant is proceeding pro-se, pro-se litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First National Bank of Cincinnati
(1981), 3 Ohio App.3d 209, 210."
 {¶ 11} This Court also found that claimed error of violation of due process and fundamental fairness were meritless. This Court also found that proper judicial procedures were not ignored or violated. The judgment was affirmed.
 {¶ 12} Thereafter, Appellant filed several additional appeals from orders issued by the trial court. Appeal Case No. 95-CA-246 is apparently directed to an order of November 1, 1995 directing the guardian to deliver certain passports to counsel for the Appellee. Although the brief filed by Appellant regurgitates assignments of error previously addressed in earlier appeals, it would be limited to the order regarding delivery of the passports. Such order is not a final appealable order as defined by R.C. 2505.02. Moreover, the Court had a legitimate reason for concern that Appellant may abscond with the parties' minor child, as the parties had been married in New Zealand and Appellant had previously absconded with the child, traveling throughout the United States for an eight month period.
 {¶ 13} Appellant then filed a Notice of Appeal directed to an order of October 11, 1996. It was assigned Case No. 96-CA-206. There is no separate order filed on October 11, 1996.
 {¶ 14} However, the trial court filed a judgment entry on October 21, 1996 adopting a magistrate's decision effective October 11, 1996. The magistrate's decision recommended a denial of certain motions for visitation for ensuing holidays and the next summer and also recommended that certain motions not be heard, as Appellant had several appeals then pending regarding issues of visitation.
 {¶ 15} Appellant's brief filed in this appeal again complains about denial of discovery, denial of due process and denial of fairness in the proceedings. These assertions have already been fully addressed and will not be further discussed.
 {¶ 16} Appellant also raises issues of denial of grandparents visitation and interference with religious rights. However, the trial court did not address either of those issues in adopting the Magistrate's Decision, therefore, such issues could not be the subject matter of this appeal.
 {¶ 17} As regards the jurisdiction of a trial court while an appeal is pending, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. Daloia v. Franciscan Health Sys.of Cent. Ohio, Inc. (1997), 79 Ohio St.3d 98, 679 N.E.2d 1084. As the cornerstone issue in all these appeals is allocation of parental rights and responsibilities and visitation, the trial court did not err in finding it lacked jurisdiction to rule on such issues while an appeal was pending. Judgment of the trial court filed on October 21, 1996 adopting the Magistrate's Decision is affirmed.
 {¶ 18} The next appeal filed by Appellant was assigned Case No. 96 CA 258. It is directed to a December 6, 1996 judgment of the trial court overruling late objections to a Magistrate's Decision and adopting the Decision as the court order.
 {¶ 19} It appears from the docket record of the trial court that the order filed on December 6, 1996 is referring to the same Magistrate's Decision that was the subject matter of the appeal filed under Case No. 96 CA 206. This is confirmed by Appellant's motion filed to combine the two appeals.
 {¶ 20} For the reasons stated above regarding Appeals Case No. 96 CA 206, the judgment of December 6, 1996 overruling objections to the Magistrate's Decision is affirmed.
 {¶ 21} Finally, Appellant filed an appeal on April 9, 1999 directed to an order of March 15, 1999. This appeal was assigned Case No. 99 CA 91. From a review of the appearance docket it can be discerned that Appellant is appealing a March 15, 1999 judgment allowing Appellee's counsel to withdraw from any further representation and the order which requires Appellant to pay court costs prior to the filing of any further pleadings. Attached to the judgment entry is a Clerk's itemized cost bill showing outstanding fees in the amount of $761.20 and Sheriff's fees of $178.60.
 {¶ 22} The appearance and execution docket for this divorce proceeding contains 52 pages of filings. A plain reading of the litany of filings reasonably leads to a conclusion that Appellant's frivolous filings are vexatious in nature. His filings serve merely to harass another party to the proceeding and bear no relevance to the divorce proceeding. Appellant's conduct previously resulted in a sentence of contempt and his multitude of irrelevant filings warranted the sanction imposed by the trial court.
 {¶ 23} Secondly, Appellant has no standing to challenge the right of the trial court to permit withdrawal of Appellee's counsel. In like manner, this Court grants the motion of Appellee's counsel to withdraw from further representation of Appellee in this appeal.
 {¶ 24} The remaining arguments raised by Appellant, surprise and attempted intimidation of Appellant and his mother, failure of service of certain pleadings by opposing counsel and denial of certain motions are wholly unrelated to the judgment entry of March 15, 1999, and therefore cannot be the subject matter of the appeal filed in Case No. 99 CA 91. Once again, Appellant is asserting that he was denied a fair trial and due process. That is a common theme throughout his various appeals and has been found to be without merit. Appellant's assignments of error are without merit and are overruled.
 {¶ 25} There being no merit to any assigned errors it is the final judgment and order of this Court that the judgment of the Common Pleas Court of Mahoning County, Ohio, Division of Domestic Relations, is affirmed in all respects.
 {¶ 26} Costs taxed against Appellant.
Waite, P.J., Donofrio and DeGenaro, JJ., concur.