{¶ 33} Because I concur with the reasoning of the majority in its resolution of appellant's second through twelfth assignments of error, but disagree with the disposition of appellant's first assignment of error, I respectfully concur in part and dissent in part.
 {¶ 34} While Civ.R. 17(A) mandates that a "reasonable time" be allowed "after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest," it does not require a trial court to take any formal steps to put a plaintiff on notice of the opportunity to cure. Therefore, I disagree with the majority opinion at ¶ 24 wherein it states that, under the unique circumstances of this case, the trial court must advise appellant of her opportunity under the rules to cure the pleading defect. Such formal notice or advisement is not required or contemplated by Civ.R. 17(A).
 {¶ 35} Appellant was put on notice that appellees objected to her standing as the real party in interest when appellees Miles, the Karrs and Glens Falls raised the issue in their motions to dismiss on June 27, 2003, July 7, 2003, and July 10, 2003, respectively. The trial court issued a decision granting the motions to dismiss on July 30, 2003, and journalized its decision on August 27, 2003. The court again journalized its decision with regard to the Karrs on September 2, 2003.
 {¶ 36} On August 12, 2003, appellant, acting pro se, filed a motion for reconsideration in which she claimed she was the real party in interest because the bankruptcy trustee had abandoned the tort claim subject of this action. I agree with the majority that appellant has not shown that this cause of action was abandoned by the trustee pursuant to Section 554(a), (b) or (c), Title 11, U.S.Code. However, appellant took no steps to ratify commencement of the action by, or joinder or substitution of the real party in interest as required by the rule.
 {¶ 37} The fact that appellant was proceeding pro se is no grounds for requiring the court to provide notice to appellant of her opportunity to cure the deficiency of her complaint. A pro se litigant is held to the same rules, procedures and standards as those litigants represented by counsel. See Boddie v. Dept. ofRehab. Corr. (Oct. 6, 1998), Franklin App. No. 98AP-183; andMeyers v. First Nat'l. Bank (1991), 3 Ohio App.3d 209,444 N.E.2d 412.
 {¶ 38} Because the trial court correctly applied Civ.R. 17(A) dismissing appellant's action only after a reasonable time had been allowed for appellant to cure the defect and rectify the issue of standing, I would affirm the trial court in all respects and overrule appellant's first assignment of error.