OPINION
{¶ 1} Appellant Debora F. Mitts appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which overruled her motion for relief from judgment made pursuant to Civ. R. 60 (B). Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred as a matter of law when it overruled appellant mitts' motion for relief from judgment."
 {¶ 3} On August 8, 2003, the trial court entered a seven page decision in appellee James Daubenmire, Jr.'s favor. The judgment dealt with all appellee's requests for relief except for his prayer for punitive damages.
 {¶ 4} The trial court held a punitive damages hearing on August 28, 2003. There is no transcript of the hearing before us, but appellant argues the court rendered an oral decision from the bench. On the same day, August 28, 2003, appellant filed her motion to set aside the judgment. The decision was journalized on September 5, 2003.
 {¶ 5} Civ. R. 60 (B) states in pertinent part:
 {¶ 6} (B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
 {¶ 7} On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 8} In order to prevail on a Civ. R. 60 (B) motion, the movant must establish: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in the rule; and (3) the motion is made within a reasonable time, and if the grounds for relief are Civ. R. 60 (B)(1), (2), or (3), not more than one year after the judgment, see GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St. 2d 146, 351 N.E. 2d 113.
 {¶ 9} Appellant's motion stated the judgment was entered as a result of her failure to defend the action, and she was unrepresented and failed to understand the proceedings against her. Appellant asserted she had a defendable case which should be adjudicated on the merits. Appellant did not identify to the court what her meritorious defense might be.
 {¶ 10} It is well established pro se litigants are subject to the same rules and procedures as litigants with counsel, see, e.g., Meyers v. First National Bank (1981), 3 Ohio App. 3d 209.
 {¶ 11} The trial court found appellant had established neither a meritorious defense nor a ground for relief pursuant to the rule. A motion for relief from judgment is addressed to the sound discretion of the trial court, and this court will not disturb a trial court's ruling absent an abuse of discretion,Griffey v. Rajan (1987), 33 Ohio St. 3d 75, 514 N.E. 2d 1122. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, Steiner v. Custer (1940),137 Ohio St. 448.
 {¶ 12} We find the trial court did not abuse its discretion in overruling the motion for relief. Accordingly, the assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.