{¶ 4} I respectfully dissent from my learned colleagues in the majority. Appellant's primary argument involves service. Appellant is currently incarcerated and chose to represent himself in this civil suit.
 {¶ 5} Appellant, not appellee, filed this civil complaint on October 6, 2004, asking for the return of attorney fees in the amount of $4,900. Except for the filing of the complaint, neither appellant, nor any duly authorized attorney or agent, appeared at either the case management conference or the settlement conference. Appellant was duly notified of both the December 10 and 17 case management dates and the February 8, 2004 settlement conference. It is appellant's responsibility to stay apprised of the case he initiated. If appellant's current situation prevented him from adequately prosecuting his civil case, he should have obtained counsel. Other than the filing of the pro se complaint, appellant failed to prosecute or take any further action in furtherance of the litigation.
 {¶ 6} "If a civil litigant chooses not to retain counsel, that party may not then turn around and claim the court denied him or her due process because it did not detail the intricacies of the Revised Code. Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law." Jones Concrete, Inc. v. Thomas (Dec. 22, 1999), Medina App. No. 2957-M. The Jones Concrete court also held that pro se litigants must accept the results of their errors, are "presumed to have knowledge of the law and of correct legal procedure, and [are] held to the same standard as all other litigants." Id., citing Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363, and Meyers v. First Natl. Bank (1981),3 Ohio App.3d 209, 210.
 {¶ 7} The trial court was fully aware of appellant's incarceration. The trial court was aware that the only way appellant could appear at the settlement conference was if the court granted a writ of habeas corpus ad testificandum, a motion for transportation, or appointed counsel pro bono, none of which was ever requested by appellant. Appellant failed to show that the trial court did anything unreasonable, arbitrary, unconscionable or acted beyond its discretion.
 {¶ 8} Accordingly, I would affirm the lower court.