ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court record, appellant Lucian Marinescu's (Marinescu) brief, and oral arguments of counsel.
 {¶ 2} Marinescu appeals the magistrate's decision granting a civil protection order (CPO) against him. After reviewing the facts of the case and pertinent law, we reverse and remand for a new hearing.
 I. {¶ 3} On May 17, 2005, Marinescu's wife, Julia[1]
Vasile (Vasile), filed a domestic violence complaint against Marinescu, seeking a CPO. On June 1, 2005, a CPO hearing was held before a magistrate. Vasile testified on her own behalf; however, Marinescu, who represented himself pro se and for whom English is a second language, did not testify or present any witnesses. On June 6, 2005, the magistrate granted the CPO, and on June 20, 2005, Marinescu objected to the magistrate's decision. On August 5, 2005, the trial court denied the objection and adopted the magistrate's decision.
 II. {¶ 4} In his sole assignment of error, Marinescu argues that "the trial court erred in adopting the magistrate's decision." Specifically, Marinescu argues that he misunderstood the court proceedings because of the language barrier and because he did not have an attorney representing him. As a result, he missed his opportunity to testify on his own behalf.
 {¶ 5} The standard of review for issuing a CPO is whether the petitioner has shown, by a preponderance of the evidence, that he or she, or a family or household member, was in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34,42. "[W]hen the respondent contends that it was error to issue a protection order, the question on review is whether there was sufficient credible evidence to support a finding that the respondent had engaged in acts or threats of domestic violence."Reynolds v. White (Sept. 23, 1999), Cuyahoga App. No. 74506. The review, therefore, is de novo.
 {¶ 6} In the instant case, Marinescu gave an opening statement, but was under the impression that this testimony would be used as evidence in his favor. After Vasile testified in her case-in-chief, the magistrate asked Marinescu if he had any witnesses to call. Marinescu alleges he did not understand that this was his opportunity to present evidence and that he could call himself to testify. Marinescu told the magistrate he had nothing further. The magistrate then based the decision to grant the CPO on Vasile's testimony only.
 {¶ 7} We note that "pro se litigants are bound by the same rules and procedures as those litigants who retain counsel."Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209. However, because Marinescu did not intend to waive his right to testify or to call witnesses on his behalf, the magistrate's finding was based on incomplete evidence. Compare State v. Pina
(1975), 49 Ohio App.2d 394, 401 (holding that the "failure to ensure that non-English speaking defendants are given the same opportunity as others to be present, to speak in their defense and to understand what is taking place, in whatever language they possess, reaches constitutional proportions").
 {¶ 8} Accordingly, Marinescu's assignment of error is well taken, and this cause is reversed and remanded for a new CPO hearing.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Kilbane, J., concur.
[1] Ms. Vasile's first name appears in the record multiple times as both Julia and Iulia. At the CPO hearing Ms. Vasile spelled her first name J-U-L-I-A, thus, we refer to her as Julia throughout this opinion.