JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Donna M. Baltz, appeals from the judgment of the Lakewood Municipal Court, which adopted the magistrate's decision and entered judgment in favor of defendants-appellees, Mike Richards and Lakewood Upholstering Company.
 {¶ 2} The record reflects that appellant filed her small claims complaint on January 22, 2002, seeking money damages for a four-inch hole in a loveseat re-upholstered by Richards' company, Lakewood Upholstering. Trial commenced before a magistrate on March 20, 2002. On April 30, 2002, the magistrate issued her report.
 {¶ 3} In her report, the magistrate found that in February 2000, appellant hired Richards to re-upholster two camelback loveseats and two wingback chairs and make several pillows with fabric she had specially ordered. Appellant subsequently delivered the fabric and furniture to Richards and in August 2000, Richards' employee, Dan Stigall, delivered the re-upholstered furniture to appellant's apartment.
 {¶ 4} Appellant testified that the defendants delivered one of the loveseats with a four-inch hole in the fabric on the inside arm of the loveseat. According to appellant, her apartment was under constant construction for nearly one year after the furniture was delivered, so she kept the furniture wrapped to prevent it from becoming soiled. Consequently, appellant testified, she did not notice the defect until Fall 2001, when she finally unwrapped the furniture.
 {¶ 5} Stigall, who recovered appellant's furniture, testified that he inspected the furniture upon completing his work and it was in perfect condition. Stigall testified further that when he delivered appellant's furniture to her apartment, he unwrapped the plastic covering from the furniture to let her see it. Stigall denied that there was a hole in the fabric either when he recovered the loveseat or when he delivered the furniture to appellant.
 {¶ 6} Richards also denied that the loveseat was delivered to appellant with a hole in it. He testified further that appellant would have been notified if Stigall had discovered the hole during the re-upholstering process.
 {¶ 7} In light of this evidence, the magistrate found that appellant had not met her burden of proof to hold appellees liable for the hole in the fabric. The magistrate concluded that appellant had an opportunity to inspect the loveseat upon delivery and asserted no issue of damage at that time. The magistrate also found that appellant had possession of the furniture for over one year before she asserted any damage claim and during this time, there was ongoing construction in appellant's apartment and workers entering and exiting the apartment regularly. Therefore, the magistrate concluded that:
 {¶ 8} "[I]t [was] plaintiff's duty to view the job and assure it was satisfactorily performed. The four-inch hole surely was large enough that plaintiff would have noticed it had she taken the opportunity to inspect the furniture. She cannot now try to hold defendant responsible over one year later." Accordingly, the magistrate recommended judgment in favor of appellees.
 {¶ 9} Appellant subsequently filed objections to the magistrate's report and recommendation. Appellant objected to both the magistrate's factual findings and her decision in favor of appellees. The trial court subsequently issued a judgment entry overruling appellant's objections and adopting the magistrate's decision.
 {¶ 10} Appellant timely appealed from the judgment entry. She argues on appeal that the trial court erred in adopting the magistrate's recommendation because: 1) it failed to conduct the required de novo review of the evidence following appellant's objections; and 2) the conclusions of law contained in the magistrate's report were not supported by the manifest weight of the evidence.
 {¶ 11} Civ.R. 53(E)(3)(b), regarding objections to a magistrate's report, states:
 {¶ 12} "Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding offact shall be supported by a transcript of all the evidence submitted tothe magistrate relevant to that fact or an affidavit of that evidence ifa transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.)
 {¶ 13} In State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730, the Supreme Court of Ohio held:
 {¶ 14} "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report * * *."
 {¶ 15} The record in this case demonstrates that appellant failed to file a transcript or affidavit of the evidence presented to the magistrate to support her objections to the magistrate's report and recommendation. Likewise, appellant failed to file a transcript of the proceedings below or a statement of evidence pursuant to App.R. 9(C) with this court. Without an adequate record, a court of appeals must "presume the regularity of the [trial court] proceedings and that the facts were correctly interpreted." Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19-20. Therefore, we conclude that the trial court conducted a proper review of the evidence and did not abuse its discretion in adopting the magistrate's recommendation. Boggs v. Boggs
(1997), 118 Ohio App.3d 293, 301.
 {¶ 16} We reject appellant's argument that we should ignore the requirements of Civ.R. 53(E)(3)(b) because she represented herself on a pro se basis in the proceedings below. This court has repeatedly recognized that "when an individual decides to proceed pro se, he is bound by the same rules and procedures as litigants who retain counsel and must accept the results of [his or her] own mistakes and errors."State v. Socha (Apr. 11, 2002), Cuyahoga App. No. 80002, citing Mackeyv. Steve Barry Ford, Inc. (May 30, 1991), Cuyahoga App. No. 58681; Meyersv. First Natl. Bank (1981), 3 Ohio App.3d 209.
 {¶ 17} Appellant's assignments of error are therefore overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. AND PATRICIA A. BLACKMON, P.J. CONCUR.