OPINION
{¶ 1} Plaintiff-appellant Don C. Lamp [hereinafter appellant] appeals from a judgment of the Muskingum County Court of Common Pleas, Domestic Division, which modified an existing order for parenting time and denied appellant's motion for contempt against defendant-appellee Lisa A. Lamp [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on March 26, 1982. Three children were born of their marriage.
 {¶ 3} On August 28, 2002, appellant filed a petition for dissolution. Attached to the petition, was a Separation Agreement signed by the parties. By the time the Separation Agreement was signed, only two of the parties' children remained minors.
 {¶ 4} On October 7, 2002, the trial court issued a Decree of Dissolution. In that Decree, the trial court stated that it found that the Separation Agreement submitted by the parties was fair, just, and equitable. Accordingly, the trial court dissolved the marriage and adopted the terms of the Separation Agreement as an order of the court.
 {¶ 5} Subsequently, on July 25, 2003, appellee filed a motion for contempt. In that motion, appellee claimed that appellant had failed to comply with the Decree of Dissolution regarding parenting time and that the appellant had violated the Separation Agreement by harassing appellee. In addition, on July 28, 2003, appellee filed a Motion for Modification of Parental Rights, Temporary and Permanent Child Custody, Escrow of Termination of Child Support Standard Parenting Time During the Pendency of this Matter. Appellee sought to be designated as the sole residential parent and legal custodian for the one child who remained a minor. In addition, appellee sought temporary and permanent child support, an order escrowing all child support payments during the pendency of this matter, and for any and all child support orders against appellee to be terminated once appellee was designated as sole residential parent and legal custodian of the minor child.
 {¶ 6} The trial court set the motions for hearing. The parties were ordered to participate in mediation assessment. Magistrate's Order, filed August 8, 2003.
 {¶ 7} On September 5, 2003, a Magistrate's Order was issued which found appellee's motion for a temporary order granting her parenting time with the parties' minor child was well taken, in part. The Magistrate ordered that appellee have parenting time with the child each week "from 6:00 p.m. on Friday to 6:00 p.m. on Sunday." In response, appellant filed a motion to "resist" the temporary order on visitation. On September 9, 2003, the Magistrate denied appellant's motion, finding that appellant had failed to show why he should be permitted to "resist" the September 5, 2003, temporary order.
 {¶ 8} Thereafter on September 10, 2003, appellant filed a motion for temporary return to the agreed upon rules of visitation found in the Separation Agreement, designated as Article 6 of the Separation Agreement. That same day, appellant filed a motion in contempt against appellee's attorney and appellee herself. In that motion for contempt, appellant argued that appellee had violated the Separation Agreement by harassing appellant.
 {¶ 9} A hearing on all of the pending motions was held before a Magistrate on October 14, 2003. Subsequently, the Magistrate issued a Magistrate's Decision in which the Magistrate found that appellee had shown that appellant had restricted or entirely prevented appellee from exercising parenting time. The Magistrate noted that appellant appeared to be quite intent on preventing appellee from maintaining a normal relationship with the minor child although the Magistrate noted that none of the relationships in the Lamp family had been normal.[1]
 {¶ 10} Thus, the Magistrate recommended that the trial court deny the motion to reallocate parental rights and responsibilities. However, the Magistrate concluded that because the parties were unwilling and unable to implement Article 6 of their Separation Agreement which relates to parenting time, a modification of the existing parenting time order was necessary to serve the best interest of the minor child. Accordingly, the Magistrate ordered that effective immediately, the court's order adopting Article 6 of the Separation Agreement should be dissolved and in lieu thereof, appellee should exercise parenting time with the minor child as follows:
 {¶ 11} "1) From September through May, each week from 6:00 p.m. on Friday to 6:00 p.m. on Sunday.
 {¶ 12} "2) From the first Friday in June through the last Sunday in August, every other week from Friday at 6:00 p.m. to the following Friday at 6:00 p.m.
 {¶ 13} "3) Notwithstanding paragraphs 2 and 3 above, during alternating holidays as provided in Paragraph 3(A) through 3(C), 3(F), and 3(G) of the Court's Standard Parenting Time Order (Journal Vol. 44, Page 651).
 {¶ 14} "4) Both parties shall comply with Paragraphs 4 through 13 and Paragraphs 16 through 21 of the Court's Standard Parenting Time Order (Journal Vol. 44, Page 651)." (Emphasis original).
 {¶ 15} As to the motions for contempt, the Magistrate recommended that the trial court find that the parties' motions charging each other with contempt for harassment in violation of Article I of the Separation Agreement, should be denied. However, the Magistrate did recommend that appellant be found in contempt for violating Article 6 of the Separation Agreement concerning appellee's parenting time. Thus, the Magistrate stated that appellant should be found guilty of contempt and committed to the County Jail for 30 days. The Magistrate recommended that the sentence be suspended on the condition that appellant purge his contempt by paying to appellee no later than November 30, 2003, the sum of $500.00 as reimbursement for reasonable attorney fees incurred in the prosecution of the contempt motion. Lastly, the Magistrate recommended that appellant's motion to hold appellee's attorney in contempt be dismissed because appellant failed to present any evidence relating to the contempt motion.
 {¶ 16} On October 27, 2003, appellant filed a Request for Appeal. In that request, appellant stated the specific rulings from which appellant sought to appeal. Appellant stated then that he wished to appeal the Magistrate's Decision in its entirety on the grounds of a denial of due process of law. Appellant also stated that he wished to introduce new testimony in evidence.[2]
 {¶ 17} On October 31, 2003, the trial court stated that appellant had timely filed Objections to the Magistrate's Decision, essentially finding that appellant's Request for Appeal constituted Objections. However, the trial court noted that pursuant to Civ. R. 53, the party objecting to the Magistrate's Decision must file a transcript of the hearing conducted by the Magistrate. Neither party had done so. Accordingly, the trial court gave both appellant and appellee 20 days to file the transcript.
 {¶ 18} On December 5, 2003, the trial court issued a Judgment Entry in which it stated that it had reviewed the Objections as filed and the transcript. In the Entry, the trial court overruled all objections. Specifically in regards to appellant, the trial court found that the Objections filed by appellant did not comply with Civ. R. 53(E)(3)(b) because appellant raised only a general objection under the heading of "due process" and did not state with specificity or particularity the grounds of the objection. Accordingly, the trial court adopted the Magistrate's Decision of October 17, 2003, as the Judgment of the trial court.
 {¶ 19} It is from this Judgment that appellant appeals, raising the following assignments of error:[3]
 {¶ 20} "I. It was prejudicial error on behalf of the court to allow the filing of a formal court action for contempt and to hold a hearing without offering mediation in accordance with the local rule to resolve disputes.
 {¶ 21} "II. The court abused its discretion by disregarding the parties' intent as to parenting time as contracted for in the parties' separation agreement and creating a new parenting time order.
 {¶ 22} "III. The court abused its discretion by finding appellant in contempt for violating parenting time orders, due to the fact that appellant had justifiable cause.
 {¶ 23} "IV. The court failed to uphold appellant's rights to live free of harm and molestation at the hand of the appellee as contracted for in the parties' separation agreement, article i."
 I {¶ 24} In his first assignment of error, appellant contends that the trial court committed prejudicial error when it allowed the appellee to file a formal action for contempt and to then proceed on that motion, without first offering mediation in accordance with the local rules.[4]
 {¶ 25} First, we note that this matter was sent to mediation after the motion for contempt had been filed. That mediation failed. Under these circumstances, it would be difficult to find that appellant was prejudiced by any alleged violation of local rules requiring mediation before the filing of the action.
 {¶ 26} However, we find that we do not reach the merits of appellant's argument. It is axiomatic that a litigant's failure to raise an issue in the trial court waives his right to raise that issue on appeal. See State v. Williams (1977),51 Ohio St.2d 112, 364 N.E.2d 1364, paragraph one of the syllabus. In his brief, appellant admits that this issue was not raised in the trial court. Although appellant is acting pro se, pro se litigants are bound by the same rules and procedures as litigants who retain counsel. Meyers v. First Nat. Bank (1981),3 Ohio App.3d 209, 444 N.E.2d 412.
 {¶ 27} Accordingly, we find that appellant has waived this issue on appeal.
 II, III, IV {¶ 28} In assignments of error II through IV, appellant challenges the trial court's decisions in regard to the motions filed by appellant and appellee. However, appellant failed to fully preserve these issues for appeal.
 {¶ 29} These motions were first heard by a Magistrate. Subsequently, appellant filed a "Request for Appeal" which the trial court treated as Objections to the Magistrate's Decision. In the Request for Appeal, appellant listed the rulings from which appellant sought relief and concluded by stating that he also wished to appeal the Magistrate's Decision in its entirety on the grounds that his due process was violated. The trial court overruled appellant's objections because they did not comply with Civ. R. 53(E)(3)(b) in that appellant raised a general objection under the heading of due process and did not state with particularity the ground of the objections. As such, the trial court adopted the Magistrate's Decision as an Order of the trial court.
 {¶ 30} We agree with the trial court that appellant has failed to comply with Civ. R. 53(E)(3)(b)'s requirements. Civil Rule 53(E)(3)(b) states as follows: "Objections shall be specific and state with particularity the grounds of objection." Further, Civ. R. 53(E)(3)(d) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In this case, appellant did not file an objection to the magistrate's findings of fact or conclusions of law which complied with Civ. R. 53(E)(3)(b). However, we note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of "plain error." In re Lemon, Stark App. No. 2002 CA 00098, 2002-Ohio-6263 (citing R.G. Real Estate Holding, Inc. v. Wagner
(April 24, 1998), Montgomery App. No. 16737; Timbercreek VillageApts. v. Myles (May 28, 1999), Montgomery App. No. 17422;Tormaschy v. Weiss (July 6, 2000), Richland App. No. 00CA01). The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson,79 Ohio St.3d 116, 122, 1997-Ohio-401, 679 N.E.2d 1099.
 {¶ 31} Although appellant has not raised the issue of plain error in his assignments of error, this court will review appellant's assignments of error II through IV under the plain error standard.
 {¶ 32} In addition, assignments of error II through IV concern the allocation of parental rights and responsibilities. As an appellate court, we review a trial court's decision allocating parental rights and responsibilities under a standard of review of abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74, 523 N.E.2d 846. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 II {¶ 33} In the second assignment of error, appellant argues that the trial court abused its discretion when it disregarded the parties' intent as to parenting time as established in the parties' separation agreement and created a new parenting time order. We disagree.
 {¶ 34} The separation agreement, which was adopted by the trial court as an order of the court, stated as follows: "The Wife shall have parenting time with the children two days out of the week, to be arranged by the parties. The parties have specifically discussed that the provisions of the Standard Parenting Order of Muskingum County, Ohio, shall not apply. They shall share time with the children on holidays as they agree. They agree that at this time there will be no provision for any extended parenting time in the summer or any specific schedule established for holidays." Article 6, Parenting Time, Separation Agreement, adopted by October 7, 2002, Decree of Divorce.
 {¶ 35} Subsequently, appellee filed a Motion For Modification Of Parental Rights, Temporary and Permanent Child Support, Escrow Of Termination Of Child Support Standard Parenting Time During The Pendency Of This Matter and a Motion for Contempt. Of relevance to this appeal is appellee's claim that appellant failed to comply with the Decree of Divorce concerning parenting time.[5] In an affidavit, appellee asserted that appellant had refused to cooperate in coming to an agreement regarding parenting time with the minor child. Appellee claimed that appellant often dictated when and where appellee could exercise parenting time with the child. Appellee further stated that "except for two (2) Sundays in which [appellant] permitted [appellee] to take the children to the movies, since April 20, 2003, [appellant] has not permitted [appellee] to have parenting time unless he supervises it in his home or on his property." Appellee also claimed that appellant told appellee that since he was the residential parent that he could change the parenting time agreement whenever he wanted. Lastly, appellee stated that appellant told appellee that the minor children were not allowed to be around appellee's friends or family members.
 {¶ 36} A hearing on appellee's motions was held on October 14, 2003. After the hearing, the magistrate issued a decision in which the Magistrate found that after Easter of 2003 and before the trial court entered its temporary order on September 5, 2003, appellant had restricted or entirely prevented appellee from exercising her parenting time. The magistrate found that appellant's interference with appellee's parenting time had an adverse impact on the relationship between appellee and the child. Although the Magistrate found that the evidence did not indicate that a modification of the existing allocation of parental rights and responsibilities itself was in the child's best interests, a modification of the existing parenting time order was necessary to serve the best interests of the minor child. This finding was based upon a finding that the parties are unwilling and unable to implement the then current order for parenting time.
 {¶ 37} In addition, the Magistrate found that appellee was sharing a mobile home with her sister and brother-in-law. Appellee was employed as a bus driver for Franklin Local School District. The Magistrate found that appellee's ability to exercise parenting time is greatest on weekends and during the summer.
 {¶ 38} The Magistrate also found that appellant has a close relationship with the parties' adult children, although the evidence indicated that his relationship with these children had been strained prior to the parties' dissolution. Appellant remained in the former marital residence, home schooled the minor child during the day and worked as a delivery person for Domino's Pizza in the evening. The Magistrate found that appellant's ability to exercise parenting time was greatest during day time hours. In addition, the Magistrate concluded that because the minor child was being home schooled, his schedule could be somewhat flexible.
 {¶ 39} As to appellant's interference with appellee's parenting time, the Magistrate concluded that it obviously had an adverse impact on the relationship between the minor child and his mother, appellee. However, the Magistrate found that the evidence did not indicate that the existing allocation of parental rights and responsibilities was no longer in the minor child's best interest. The Magistrate also noted that once the temporary order was issued on September 5, 2003, directing appellant to drive the child to appellee at specific days and times, appellant had complied with the order, however, reluctantly.
 {¶ 40} The Magistrate noted that the court's investigator concluded that the minor child was connected equally with each parent and that the parties should share parenting of the minor child. However, the Magistrate stated that the court could not enter a shared parenting decree because neither party had moved for shared parenting or filed a proposed shared parenting plan.
 {¶ 41} Thus, the Magistrate concluded that while the trial court may have allocated parental rights and responsibilities differently than the parties did in their Separation Agreement, appellee, as the moving party, did not show that modifying the allocation of parental rights and responsibilities was necessary to serve the best interest of the child, provided that appellant complies with the court's parenting time order in the future.
 {¶ 42} Accordingly, the Magistrate dissolved the trial court's prior order adopting Article 6 of the separation agreement and, in lieu, ordered that appellee be granted the following parenting time:
 {¶ 43} "1) From September through May, each week from 6:00 p.m. on Friday to 6:00 p.m. on Sunday.
 {¶ 44} "2) From the first Friday in June through the last Sunday in August, every other week from Friday at 6:00 p.m. to the following Friday at 6:00 p.m.
 {¶ 45} "3) Notwithstanding paragraphs 2 and 3 above, during alternating holidays as provided in Paragraph 3(A) through 3(C), 3(F), and 3(G) of the Court's Standard Parenting Time Order (Journal Vol. 44, Page 651).
 {¶ 46} "4) Both parties shall comply with Paragraphs 4 through 13 and Paragraphs 16 through 21 of the Court's Standard Parenting Time Order (Journal Vol. 44, Page 651)." Magistrate's Decision, pg. 3. (Emphasis original).
 {¶ 47} Subsequently, the trial court adopted the Magistrate's Decision as an Order of the Court.
 {¶ 48} Upon review, we find no indication of plain error. As such, appellant's second assignment of error is overruled.
 III {¶ 49} In the third assignment of error, appellant contends that the trial court abused its discretion when it found appellant in contempt for violating the original parenting time order because appellant had a justifiable cause for doing so. Appellant, does not deny that he violated the parenting order for good cause. In that this court's review is limited to a plain error, and it was a matter of discretion whether appellant's reasons for violating the order were justifiable, we find that the trial court did not commit plain error when it found appellant in contempt.[6]
 {¶ 50} Accordingly, appellant's third assignment of error is overruled.
 IV {¶ 51} In the fourth and final assignment of error, appellant argues that the trial court failed to uphold appellant's right to live free of harm and molestation at the hand of appellee as contracted for in Article I of the parties' separation agreement. Essentially, appellant argues that the trial court abused its discretion when it failed to hold appellee in contempt for violating Article I of the separation agreement, as adopted as an order of the trial court.
 {¶ 52} Article I of the separation agreement, as adopted by the trial court, states as follows: "Each shall hereafter continue to live separate and apart from each other, and each shall go his or her own way without direction, control or molestation from the other, the same as though unmarried and each further agrees not to annoy or interfere with the other in any manner whatsoever." Appellant claimed in his July 10, 2003, Motion for Contempt that appellee repeatedly made contact with appellant while he was at work, in an attempt to get appellant fired from his job.
 {¶ 53} The trial court found that appellant failed to present clear and convincing evidence that appellee violated Article I of the separation agreement. Accordingly, the trial court denied appellant's motion for contempt lodged against appellee.[7]
Once again, this Court finds no plain error. Accordingly, appellant's fourth and final assignment of error is overruled.
 {¶ 54} The judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] The Magistrate noted that appellee was emotionally estranged from appellant and from the parties' two adult children.
[2] On October 31, 2003, appellee filed Objections to the Magistrate's Decision. Appellee's Objections to the Magistrate's Decision are not relevant to this appeal.
[3] Appellant's Notice of Appeal actually states that he wishes to appeal from the October 17, 2003, Magistrate's Decision. However, in the interest of justice and because it is apparent from appellant's brief that appellant wishes to appeal from the trial court's decision, this court will proceed to consider appellant's appeal as an appeal from the decision of the trial court.
[4] Appellant refers to paragraph 16 of the Standard Visitation Order, which states as follows: "Mediation Clause: Before filing formal court action to enforce or modify the allocation of parental rights and responsibilities, including visitation, both parents shall attempt to resolve disputes through mediation." Even if we were to reach this issue, appellant's argument would fail. At the time appellee filed her motions, the parties had agreed to a plan separate and distinct from the standard visitation schedule.
[5] Other issues were raised in appellee's motions. However, as discussed in the statement of facts, the trial court did not grant appellee the relief she sought and appellee did not appeal from that decision.
[6] The trial court found that appellant "appears quite intent on preventing [appellee] from maintaining a normal relationship with [the minor child]."
[7] Appellee had filed a motion for contempt against appellant for violating Article I of the separation agreement as well. That motion was also denied by the trial court upon a finding that appellee failed to present clear and convincing evidence to support the motion.