OPINION
{¶ 1} On March 26, 1982, appellant, Don Lamp, and appellee, Lisa Lamp, where married. Three children were born as issue of the marriage. On August 28, 2002, appellant filed a petition for dissolution. By judgment entry filed October 7, 2002, the trial court adopted the parties' separation agreement and dissolved the marriage.
 {¶ 2} On July 25, 2003, appellee filed a motion for contempt, claiming appellant failed to abide by the separation agreement pertaining to parenting time. On July 28, 2003, appellee filed a motion for modification of parental rights, seeking sole residential parent and legal custodian of the one remaining minor child. On September 10, 2003, appellant filed a motion for contempt, claiming appellee was harassing him. A hearing before a magistrate was held on October 14, 2003. The magistrate recommended modifying the parenting time section of the separation agreement. The magistrate also found appellant interfered with appellee's parenting time and sentenced him to thirty days in jail, suspended on the condition appellant pay appellee $500.00 for attorney fees. Appellant filed an appeal which the trial court considered to be an objection. By judgment entry filed December 5, 2003, the trial court denied the objection and approved and adopted the magistrate's decision. Appellant appealed and this court affirmed the trial court's decision. See, Lamp v. Lamp, Muskingum App. No. CT20030-054,2004-Ohio-6262.
 {¶ 3} Thereafter, appellee filed a motion to re-designate the residential parent, a motion for contempt pertaining to appellant's failure to abide by the parenting time order and a motion for frivolous conduct and sanctions. Appellant filed a motion for contempt, also claiming appellee failed to abide by the parenting time order. A hearing on all outstanding motions was held on April 12, 2005. By judgment entry filed September 1, 2005, the trial court denied the motion to re-designate the residential parent, found appellant guilty of contempt as appellant failed to abide by the parenting time order and failed to obtain a stay of execution of the order pending appeal and found appellant guilty of frivolous conduct and awarded appellee $1,362.50 as against appellant. As for the contempt finding, the trial court sentenced appellant to thirty days in jail, suspended in lieu of appellant paying appellee $500.00 for attorney fees.
 {¶ 4} Appellant filed an appeal on September 28, 2005 and assigned the following errors:
 I {¶ 5} "THE COURT ABUSED ITS DISCRETION BY FINDING APPELLANT IN CONTEMPT FOR VIOLATING PARENTING TIME ORDERS WITH A COMPLETE LACK OF EVIDENCE AND BY COMPLETELY IGNORING EXCULPATORY EVIDENCE."
 II {¶ 6} "IT WAS PREJUDICIAL AND PLAIN ERROR ON BEHALF OF THE COURT TO INFORM THE APPELLANT THAT A STAY OF EXECUTION HAS BEEN GRANTED, AND NOW THE COURT FINDS THAT NO SUCH STAY EXISTS."
 III {¶ 7} "IT WAS PREJUDICIAL AND PLAIN ERROR ON BEHALF OF THE COURT TO ALLOW EXPARTE COMMUNICATION WITH THE APPELLEE, VIA HER COUNSEL, WHILE DENYING COMMUNICATIONS WITH THE APPELLANT."
 IV {¶ 8} "THE COURT FAILED TO UPHOLD THE COURT'S DUTY TO THE BEST INTEREST OF THE CHILD."
 V {¶ 9} "THE COURT ABUSED ITS DISCRETION UNDER CIVIL RULE 11 WITH A FINDING OF GUILT THAT IS CONTRARY TO THE WEIGHT OF THE EVIDENCE PRESENTED."
 VI {¶ 10} "IT IS A DENIAL OF DUE PROCESS OF LAW BECAUSE THE TRIAL COURT IS OPERATING UNDER DISABILITY."
 VII {¶ 11} "THE TRIAL COURT FAILED TO UPHOLD THE APPELLANT'S RIGHT TO PROTECTION AGAINST DOUBLE JEOPARDY."
 {¶ 12} Appellee filed a cross-appeal on October 7, 2005 and assigned the following error:
 CROSS-ASSIGNMENT OF ERROR I {¶ 13} "THE TRIAL COURT ERRED BY DENYING APPELLEE'S MOTION FOR RE-DESIGNATION OF THE RESIDENTIAL PARENT MOTION BECAUSE THE TRIAL COURT DID NOT NOTIFY APPELLEE THAT THIS MOTION WAS TO BE HEARD ON APRIL 12, 2005"
 {¶ 14} This matter is now before this court for consideration.
 I, II, V {¶ 15} Appellant claims the trial court's decision to find him in contempt of court for failing to abide by the parenting time order was against the manifest weight of evidence. Appellant claims he was granted a stay of execution which mitigated against the finding of contempt.
 {¶ 16} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 17} In its judgment entry filed September 1, 2005, the trial court addressed the specific defenses raised by appellant as follows:
 {¶ 18} "Lisa A. Lamp's motion in contempt filed March 1, 2004 and April 29, 2004 relate to the alleged failure of Don C. Lamp to comply with the Court's parenting order. The Court finds that when the matter was last before the Court for parenting issues, the Court issued a modification of the parties' separation agreement as it pertained to the parenting schedule whereby from September through May each week Petitioner Lisa A. Lamp would parent from 6:00 p.m. Friday to 6:00 p.m. Sunday and from the first Friday in June through the last Sunday in August Lisa A. Lamp would parent every other week from Friday at 6:00 p.m. until the following Friday at 6:00 p.m. Petitioner Don C. Lamp appealed this decision of the Trial Court but did not request nor was he granted a stay in the execution of said order and, therefore, said order became effective upon its' journalization in October of 2004. Petitioner Lisa A. Lamp has clearly established by a preponderance of the evidence that Petitioner Con C. Lamp consistently failed to abide by the terms of said judgment entry and Petitioner Con C. Lamp did not provide any legal defense for his conduct. It is therefore the finding of this Court that Petitioner Don C. Lamp is in contempt of the prior order of this Court pertaining to the parenting schedule of the minor child."
 {¶ 19} The record of the contempt hearing establishes the specific violations of the new parenting time order established by the December 5, 2003 judgment entry (weekends of February 20 and 27, 2004, March 19, 2004, April 2 and 23, 2004) occurred during the pending appeal of the order to this court (notice of appeal filed December 22, 2003 to opinion filed on November 19, 2004). April 12, 2005 T. at 37-44. Further, both appellant and appellee testified appellant's refusal to follow the new parenting time order was predicated on the belief the trial court had issued a stay order on the new parenting times and the original schedule set by the separation agreement was in effect. April 6, 2004 T. at 12, 16, 27, 31-32; April 12, 2005 T. at 9-10, 40.
 {¶ 20} In order to determine if appellant's failure to abide by the new parenting time order was willful contempt of the trial court's order, it is necessary to examine the stay of execution order filed by the trial court. On January 23, 2004, appellee filed a request for stay, seeking a stay of execution of the magistrate's October 17, 2003 decision as follows:
 {¶ 21} "I, Don C. Lamp, respectfully request a Stay of Execution of the October 17, 2003, Magistrate's Decision. I make this request even though I have done this before, on December 1, 2003, I filed a Motion in this Court titled; Motion for Temporary Order on Parenting Time. In this Motion I requested of this Court relief of the Magistrate's Decision for the purpose of seeking an Appeal. While I did not use the term `Stay of Execution', that is exactly what I was requesting. It is my belief that my request for a `temporary order' `during the pendency of this matter through the appeal process', contains basically the same meaning. However, I received zero response to this request from this Court. On the same day I asked this Court if my efforts on Appeal was delinquent in any way and received no response to that as well."
 {¶ 22} In response to this request for stay, the trial court found a stay had already been entered and deemed appellant's new request moot. See, Judgment Entry filed January 28, 2004. Thereafter, appellant refused to follow the new parenting time order for the weekends of February 20 and 27, 2004, March 19, 2004 and April 2 and 23, 2004.
 {¶ 23} The "stay" the trial court was referring to was set forth in a judgment entry filed January 23, 2004 wherein the trial court stated the following:
 {¶ 24} "The Court further finds that Petitioner Don C. Lamp has appealed the Court's prior ruling regarding this contempt matter and said appeal is now pending. Although no motion for stay of execution was sought by Don C. Lamp, the Court finds that the imposition of sentence while this matter is pending is unjust."
 {¶ 25} It is the trial court's interpretation of the language that a stay was granted as to appellant's fine and imprisonment on the contempt only and not as to the new parenting time order.
 {¶ 26} Although appellant has proceeded pro se on these issues, we are nonetheless required to make appellant follow the rules and regulations and are not permitted to give unnecessary leeway to him because he does not have legal counsel.
 {¶ 27} Upon review, we find the trial court's January 28, 2004 decision determining the stay issue to be moot created a cloud on the meaning of the January 23, 2004 "stay." We therefore conclude appellant, although misguided, was not in willful contempt of the trial court's order.
 {¶ 28} Assignments of Error I, II and V are granted.
 III {¶ 29} Appellant claims the trial court improperly engaged in an ex parte communication with appellee's counsel. We disagree.
 {¶ 30} Upon review, we do not find any support for this argument in the record.
 {¶ 31} Assignment of Error III is denied.
 IV {¶ 32} Appellant claims the new parenting time order of October 17, 2003 and December 5, 2003 were not in the best interest of the child. We disagree.
 {¶ 33} Upon review, we find the arguments herein were already subject to an appeal to this court and are therefore res judicata. See, Lamp v. Lamp, Muskingum App. No. CT2003-0054,2004-Ohio-6262. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 34} Assignment of Error IV is denied.
 VI {¶ 35} Appellant claims he was denied due process of law "because the Trial Court is Operating under Disability." We disagree.
 {¶ 36} Upon review, we find the arguments herein lack merit, are unsubstantiated by the record and fail to follow any of the rules of appellate procedure.
 {¶ 37} Assignment of Error VI is denied.
 VII {¶ 38} Appellant filed a supplemental assignment of error on December 1, 2005 without leave and outside the time set for such filing. We therefore strike this assignment and the supplemental brief.
 CROSS ASSIGNMENT OF ERROR I {¶ 39} Appellee claims the trial court erred in denying her motion for re-designation of the residential parent as she was unaware the motion was to be heard on April 12, 2005. We agree.
 {¶ 40} Appellee argues the trial court informed the parties the April 12, 2005 hearing would not address appellee's motion and the matter would be scheduled for evidentiary hearing on a later date.
 {¶ 41} At the commencement of the April 6, 2004 hearing, the trial court limited the hearing to the motions for frivolous conduct and contempt. April 6, 2004 T. at 5. During the April 12, 2005 hearing, the trial court indicated "the outcase of parental rights we may reserve to another day * * * [w]e may come back to it. It just depends on our time period." No evidence on this issue was presented and at the close of the hearing, the trial court stated the "matter of reallocation of parental rights will be reset." Id. at 51. The docket reveals no other hearing was set.
 {¶ 42} Upon review, we find the trial court erred in denying appellee's motion for re-designation of the residential parent without informing her that is was going to be heard on April 12, 2005.
 {¶ 43} Cross-Assignment of Error I is granted.
 {¶ 44} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division, is hereby affirmed in part, reversed in part and remanded.
By Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division, is hereby affirmed in part and reversed in part. The matter is remanded to said court for further proceedings consistent with this opinion. Costs to be split equally between the parties.