OPINION *Page 2 
{¶ 1} Appellant Don C. Lamp appeals the May 21, 2007 post-decree judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division. Appellee Lisa A. Lamp is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on March 26, 1982. Three children were born as issue of the marriage. By way of a judgment entry filed October 7, 2002, the trial court dissolved the parties' marriage.
 {¶ 3} On July 25, 2003, appellee filed a motion for contempt, claiming appellant failed to abide by the separation agreement pertaining to parenting time. On July 28, 2003, appellee filed a motion for modification of parental rights, seeking sole residential parent and legal custodian of the one remaining minor child. On September 10, 2003, appellant filed a motion for contempt, claiming appellee was harassing him. Following a hearing, the magistrate recommended modifying the parenting time section of the parties' separation agreement. The magistrate also found appellant in contempt for interfering with appellee's parenting time. On December 5, 2003, the trial court denied appellant's objection to the magistrate's decision. Appellant appealed, and this Court affirmed the trial court's decision. See Lamp v.Lamp, Muskingum App. No. CT2003-0054, 2004-Ohio-6262.
 {¶ 4} Thereafter, appellee filed a motion to re-designate the residential parent, a motion for contempt pertaining to appellant's failure to abide by the parenting time order, and a motion for frivolous conduct and sanctions. Appellant also filed a motion for contempt, also claiming appellee failed to abide by the parenting time order. On *Page 3 
September 1, 2005, the trial court denied the motion to re-designate the residential parent, but found appellant had engaged in frivolous conduct, thus awarding appellee $1,362.50 in attorney fees due to said frivolous conduct by appellant. The court further found appellant guilty of contempt, sentencing him to thirty days in jail, suspended in lieu of appellant paying appellee $500.00 for attorney fees.
 {¶ 5} Appellant filed an appeal therefrom on September 28, 2005. Appellee filed a cross-appeal on October 7, 2005. Upon review, we affirmed in part and reversed in part, holding, inter alia, that appellant had not been in willful contempt of the parenting time orders. See Lamp v. Lamp, Muskingum App. No. CT2005-0045, 2006-Ohio-3135, ¶ 27, ¶ 44 (filed June 16, 2006).
 {¶ 6} Following our remand, the case was heard by the trial court on multiple motions filed by both parties. The trial court, via judgment entry dated May 21, 2007, disposed of said motions, essentially denying any changes in the parenting rights and responsibilities and parenting time orders. However, the trial court therein stated the following: "Finally, the [Trial] Court created some confusion in its' (sic) orders regarding the payment of the monetary sanctions by Don C. Lamp. To the extent that these monetary sanctions remain unpaid, IT IS HEREBY ORDERED that Don C. Lamp pay all previously imposed monetary sanctions within thirty days of this order." Judgment Entry at 2.
 {¶ 7} Appellant thereafter filed a "motion for clarification" with this Court in regard to our opinion and decision of June 16, 2006, supra. We thus issued a judgment entry on August 10, 2007, ordering that appellant was not required to pay the $1362.50 amount for attorney fees for frivolous conduct or the $500.00 amount for attorney fees *Page 4 
relating to contempt. However, appellee thereupon filed a motion to reconsider the clarification order. On November 9, 2007, we granted the motion to reconsider, as to the $1362.50 amount for attorney fees for frivolous conduct. Thus, appellant was again ordered to pay the sum of $1362.50, but not the $500.00 amount for contempt. Neither side filed any further motions to reconsider.
 {¶ 8} In the meantime, on June 6, 2007, appellant had filed a notice of appeal of the trial court's decision of May 21, 2007. He herein raises the following two Assignments of Error:
 {¶ 9} "I. THE COURT ABUSED ITS DISCRETION BY ORDERING THE APPELLANT TO PAY PENALTIES ATTACHED TO FINDINGS OF GUILT THAT HAVE BEEN OVERTURNED BY THE FIFTH DISTRICT COURT OF APPEALS.
 {¶ 10} "II. THE TRIAL COURT FAILED TO UPHOLD THE APPELLANT'S RIGHT TO PROTECTION AGAINST DOUBLE JEOPARDY."
 I. {¶ 11} In his First Assignment of Error, appellant challenges the trial court's apparent order that he pay the previous sanctions of $1862.50 in attorney fees ($1362.50 for frivolous conduct and $500.00 for contempt).[1]
 {¶ 12} In Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.,Inc., 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 1998-Ohio-465, the Ohio Supreme Court held: "[T]he doctrine of the law of the case * * * establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent *Page 5 
proceedings in the case at both the trial and reviewing levels.'"Id., quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.
 {¶ 13} Based on our post-opinion clarification ruling of November 9, 2007, we find the law of the case doctrine applies to the $1362.50 sanction for frivolous conduct and appellant is required to pay said amount in attorney fees. This portion of appellant's argument is thus without merit.
 {¶ 14} In regard to the $500.00 for contempt, the record reveals that on January 9, 2008, the trial court issued an order requiring appellee to return that sum to appellant, thus making this portion of appellant's argument moot on appeal.
 {¶ 15} Appellant's First Assignment of Error is overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant contends the trial court violated his right to be free from double jeopardy by holding two contempt proceedings against him based on the same allegations. However, appellant's argument stems from the trial court's decision of September 1, 2005, which is not the judgment entry presently under appeal. Appellant's argument is therefore untimely under App. R. 4. *Page 6 
 {¶ 17} Appellant's Second Assignment of Error is overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs assessed to appellant.
[1] In light of the extensive post-decree litigation in this matter, our recitation of the $1862.50 figure is not intended to memorialize the aggregate amount of "monetary sanctions," as the trial court did not set forth any precise figures in the judgment entry at issue, and there may be other sanctions of which we have not been apprised. *Page 1