[Cite as *Ridge-Pleasant Valley, Inc. v. Navin*, 2022-Ohio-130.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| RIDGE-PLEASANT VALLEY INC., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 109777 |
| v. | : | |
| HENRY NAVIN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  January 20, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-924790

*Appearances:*

Gregory Ferrell, *for appellee.*

Henry Navin, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} On October 25, 2018, defendant-appellant Henry Navin ("Navin") was hospitalized at University Hospitals as the result of an assault. A week later, Navin was transferred to plaintiff-appellee Ridge-Pleasant Valley Inc. d.b.a. Pleasantview Care Center ("Ridge") for nursing home services. Navin remained at

Ridge from October 25, 2018, until July 14, 2019, when he was discharged for nonpayment.

{¶ 2} On November 8, 2019, Ridge filed a complaint charging breach of statement of account, breach of implied contract, and unjust enrichment. The trial court struck several of Navin's filings from the record for failure to comply with the Ohio Rules of Civil Procedure and ultimately granted summary judgment for Ridge for $18,270 plus interest at 5 percent per annum. Navin appeals.

{¶ 3} We affirm the judgment of the trial court.

## I. Assignments of Error

{¶ 4} Navin presents five assignments of error:

I.   The court below erred by dismissing appellant's motion to dismiss, and appellant's motion for a change of venue, by failing to apply the proper standard to appellant's pro se pleadings.

II.  Despite appellant citing the precise state and federal statutes violated by appellee, the court below erred by dismissing appellant's counterclaim.

III. The court below erred by failing to recognize that appellee is merely a stooge for unnamed parties and, as a consequence, the court below was not the proper forum.

IV.  Although the court below should have been impartial, because of a substantial and unacceptable relationship to at least one unnamed party, the court below erred by failing to recuse.

V.   The court below erred by depriving appellant of his right to be heard, his right to confront his accuser in open court, and his right to trial before being made homeless during a pandemic.

## II. Discussion

### A. Improper dismissal and stricken pleadings

{¶ 5} We combine the first and second assigned errors for analysis. Navin argues that the trial court's rejection of Navin's motions to dismiss and for change of venue, answer, and counterclaim was improper because the filings were rule-compliant and that pro se submissions are to be construed liberally and are subject to less stringent standards.

> If a court can reasonably read pro se submissions, it should do so despite a failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, and pro se litigant's unfamiliarity with rule requirements. *Boaq v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Appellant's brief, p. 11.

{¶ 6} In fact, "'pro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel.'" *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 92965, 2010-Ohio-517, ¶ 18, quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). "'They are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Id.*

{¶ 7} On November 8, 2019, Ridge filed suit against Navin for breach of statement of account, breach of implied contract, and unjust enrichment. Attached to the complaint is an August 1, 2019 statement that reflects a $22,080 balance brought forward; room and board charges for July 1 through July 5, 2019, for

$1,200; room and board charges for July 1, through July 31, 2019, a credit amount of $7,440; and room and board charges for July 6 through July 14, 2019, for $2,160. The balance due is listed as $18,000. The second attachment is a statement also dated August 1, 2019. The statement shows the $18,000 balance brought forward, "July 31, 2019 interest" for "one unit" at a "unit amount of $270." The statements are addressed to Navin in care of a post office box because Navin is and was prior to and during the relevant time period without a permanent residence.

{¶ 8} On December 23, 2019, Navin timely moved to dismiss the complaint, for a change of venue and filed a counterclaim. Navin argued that the statements attached to the complaint fail to comply with R.C. 3721.13 known as the Nursing Home Bill of Rights and did not contain an itemized running balance statement of account.

{¶ 9} The motions and counterclaim are primarily in the form of a narrative of events and complaints about specific employees, patients who are identified by name, and living conditions that includes intermittent references to portions of the Nursing Home Bill of Rights. Navin interjects comments and information that is not legally or factually relevant and does not comply with the civil rules. Navin's request for a change of venue stems from a wrongful discharge by a former major local employer that Navin asserts has caused him to be "blackballed" in Cleveland. Thus, Navin offered that he would not receive a fair trial. Navin further expressed concern that while his social security income was generally exempt from creditor

claims, Ridge seeks to recover against his social security proceeds, Navin's sole source of income.

**{¶ 10}** The motions to dismiss for change of venue and counterclaim "are all plead[ed] in the alternative pursuant to Civ.R. 8(A)." The counterclaim is for an amount in excess of $25,000. A list of authorities is included in the document citing provisions of the Ohio Revised Code, Ohio Administrative Code, Ohio Rules of Civil Procedure, and United States Code purportedly pursuant to Loc.R. 11(H).

**{¶ 11}** On December 26, 2019, the trial court issued an entry finding that Navin failed to answer by December 12, 2019, and granted an extension to January 13, 2020. In a separate entry, the trial court determined that Navin's motions to dismiss and for change of venue were "stricken as no reasonable legal argument has been plead[ed]." Journal entry No. 111818223 (Dec. 26, 2019). "Should defendant wish to refile the motion, civil rules and rules of proper legal pleading are to be followed." *Id.* Navin did not refile.

**{¶ 12}** On December 31, 2019, Ridge moved to dismiss Navin's counterclaim for failure to state a claim pursuant to Civ.R. 12(B)(6) or, alternatively, for a more definite statement under Civ.R. 12(E). Ridge argued that Navin's counterclaim was a "stream-of-consciousness narrative rife with irrelevant and incoherent allegations," though Ridge recognized that the narrative alleged violations of the Nursing Home Resident's Bill of Rights. Ridge also argued that Navin failed to set forth cognizable claims, the assertions were vague and ambiguous, and did not provide sufficient notice to allow Ridge to respond to the claims.

{¶ 13} On January 13, 2020, prior to the January 17, 2020 response deadline, Navin filed a short brief opposing the motion to dismiss counterclaim. This filing also includes liberal, nonlegal prose. Navin argued that the cases cited by Ridge were not controlling, rejected Ridge's argument that Civ.R. 8(E)(1) limited the number of words allowed in the pleading, and stated that his counterclaim rested on Civ.R. 8(E)(2). Civ.R. 8(E) provides in part that "[n]o technical forms of pleading or motions are required" and "[a] party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds." Finally, Navin summarized the previously filed counterclaim complaints and requested a hearing.

{¶ 14} At the January 15, 2020 pretrial and case management hearing, Ridge moved for a default judgment. The trial court granted an extension to January 31, 2020, for Navin to file a rule-compliant answer. On January 29, 2020, the trial court granted Ridge's motion to dismiss the counterclaim. "Defendant's counterclaim [is] dismissed with prejudice for failure to state a claim pursuant to Civ.R. 58(B)." Journal entry No. 112234776 (Jan. 29, 2020).

{¶ 15} On January 31, 2020, Navin timely filed an answer that generally denies the allegations of the complaint. Similar to the previous filings, the pleading is in an unnumbered narrative form that includes extraneous statements that are not directly responsive to the complaint and contains statutes that Navin alleges Ridge has violated. The February 4, 2020 judgment entry of the trial court provides that the answer "is stricken from the docket and the clerk is ordered to seal this

improper pleading." Journal entry No. 112327247 (Feb. 4, 2020). "Defendant is advised that he is required to abide by the rules of court and the Rules of Civil Procedure." *Id.*

{¶ 16} Also on February 4, 2020, the trial court issued a nunc pro tunc for the January 29, 2020 entry:

> The court grants plaintiff's motion to dismiss defendant's counterclaim.
>
> Defendant Navin's opposition was due on or before January 17, 2020, and defendant failed to file an opposition.
>
> Plaintiff's motion to dismiss defendant Navin's counterclaim against plaintiff is unopposed and granted. Defendant's counterclaim dismissed with prejudice for failure to state a claim.
>
> Plaintiff's claims remain pending with the court.

Journal entry No. 112327491 (Feb. 2, 2020).

{¶ 17} Navin failed to comply with the Rules of Civil Procedure. Civ.R. 12(F) allows a court to sua sponte or upon motion of a party strike "from any pleading any insufficient claim or defense, or redundant, immaterial, impertinent, or scandalous matters." *Kohls v. New Lexington City Council*, 5th Dist. Perry No. 03-CA-01, 2003-Ohio-3461, ¶ 9. Navin was properly provided notice and opportunity to amend the stricken filings but did not do so. Thus, we cannot say the trial court abused its discretion. Navin "cannot now contend that the trial court erred, when he did not avail himself of the procedures designed to afford him due process of law." *Std. Oil Co. v. Bloom*, 8th Dist. Cuyahoga No. 42005, 1980 Ohio App. LEXIS 10406, at 5 (Oct. 30, 1980).

**{¶ 18}** The first and second assigned errors are overruled.

## B. Grant of Summary Judgment

**{¶ 19}** We construe the fifth assigned error as a challenge to the trial court's grant of summary judgment. We affirm.

**{¶ 20}** Our standard of review for summary judgment appeals is de novo:

> We review the trial court's decision on summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In so doing, we use the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists. *Id.* To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts. *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477, ¶ 9.

*Lillie & Holderman v. Dimora*, 8th Dist. Cuyahoga No. 100989, 2015-Ohio-301, ¶ 9.

**{¶ 21}** The following elements must be established to grant summary judgment:

> The motion for summary judgment may only be granted when the following are established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(C).

*Id.*

{¶ 22} As the reviewing court, we evaluate the record in a light most favorable to the nonmoving party. *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990). Any "doubts must be resolved in favor of the nonmoving party." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 23} On March 26, 2020, Ridge filed for summary judgment that was timely opposed by Navin. Attached to Ridge's motion is an affidavit of account by a Ridge employee, a copy of the admissions agreement purportedly signed by Navin, and attached detailed statements of account.[1] The statements reference "units" that appear to equate to room rental dates. The monthly statements list the unit charge per day and at some points contain credits for Medicare A Coinsurance.[2]

{¶ 24} As of June 1, 2019, the account has a zero balance and contains charges for May 31, 2019, through June 30, 2019, for a total of $14,640. The July 1,

---

[1] Breach of contract is not claimed in the complaint. Navin denies that he signed the contract and voices concern that the contract provides a patient will use all financial means including social security income to satisfy debts due under the agreement.

[2] A claimant must present evidence of an account that contains the account holder's name and:

> (1) a beginning balance (zero, a sum that can qualify as an account stated, or some other provable sum); (2) items representing charges, or debits and credits; and (3) summarization by means of a running or developing balance or an arrangement permitting the calculation of the balance due.

*Discover Bank v. Paoletta*, 8th Dist. Cuyahoga No. 95223, 2010-Ohio-6031, ¶ 10, citing *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, 223 N.E.2d 373 (10th Dist. 1967).

2019 statement adds charges for the month of July of $7,440 for a total balance of $22,080.

{¶ 25} Navin was discharged on July 14, 2019. There are two statements dated August 1, 2019. The $7,440 previously invoiced for the month of July is deducted from the $22,080 starting balance and $3,360 is added for 4 units at $240 with a balance due of $18,000. The second August 1, 2019 invoice lists interest of $270, resulting in a final total of $18,270.

{¶ 26} Navin's opposition to summary judgment is substantively similar to the dismissed counterclaim contents. Navin recounts his experiences at the nursing home and the activities of various individuals that negatively impacted his stay and constituted violations of the Nursing Home Rights Act. There is also extraneous information that is not pertinent to resolution of the issues.

{¶ 27} Navin did not provide an affidavit though he did attach copies of Medicare claim payments for the periods October 25, 2018, to October 31, 2018, in the amount of $3,925.15 and November 1, 2018, to November 21, 2018, for $10,426.26. Navin stated the "dollar amounts of these [n]otices do not match" the statements filed by Ridge, the February 2019 statement was not submitted, and all statements fail to identify the payment source.

{¶ 28} Where "the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

**{¶ 29}** Pursuant to Civ.R. 56(E):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

**{¶ 30}** Viewed in a light most favorable to Navin, we do not find that Navin has established that a genuine issue of material fact exists in this case. Navin has not demonstrated that he does not owe the debt alleged.

**{¶ 31}** The fifth assignment of error is overruled.

### C. Remaining Errors

**{¶ 32}** Our disposition of assigned errors one, two, and five renders the remaining assigned errors moot. App.R. 12(A)(1)(c).

## III. Conclusion

**{¶ 33}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR